# Commonwealth *v.* Hollister, Appellant.

*Criminal law—Larceny—Principal and accessories.*

A person who plans a robbery, the execution of which is intrusted to others, may, if the robbery has been successfully accomplished, be convicted of larceny.

The defendant planned a robbery, the execution of which was intrusted to three other men. One of the confederates informed the police, and it was arranged that he should co-operate with the others in the commission of the crime and report to the police. The paymaster who was to be robbed was informed of the plot, and consented not to resist the robbers. The three confederates went to the pay-office, covered the paymaster with a revolver, and ordered him to hold up his hands. The informer and one of the other confederates then seized, bound, blindfolded and gagged him. They then took the money from the office, and as they were leaving they were surrounded by the police and arrested. *Held* that defendant could be convicted of larceny.

*Evidence—Witness—Informer.*

A person who joins others in the commission of a crime for the purpose of exposing it, and bringing criminals to punishment, and honestly carries out that design, is not an accessory before the fact, although he may have encouraged and counseled parties who were about to commit crime, if in doing so he intended that they should be discovered and punished; and his testimony, therefore, is not to be treated as that of an infamous witness.

Argued Feb. 23, 1893.    Appeal, No. 96, July T., 1892, by defendant, Herschel H. Hollister, from judgment of O. & T. Lackawanna Co., Dec. T., 1891, No. 2, on verdict of guilty. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Indictment for larceny, etc.    Before ARCHBALD, P. J.

The facts and assignments of error appear by the opinion of the Supreme Court.

*Geo. S. Horn, W. G. Ward* and *J. F. Scragg* with him, for appellants.—Brown was Spencer's agent, and the custody of the money by Brown was the possession of Spencer: Bass's Case, Leach's Crown L., 1st ed., p. 242.

*H. M. Edwards* and *John P. Kelly,* district attorney, for appellee.—Appellant acted through Engle and Snow as well as through Brown. Whatever Engle and Snow did appellant did.

A person acting as detective is not an accessory before the fact to the commission of a crime, although he caused and encouraged its commission: Campbell v. Com., 84 Pa. 187; State v. McKean, 36 Iowa, 343; 1 Greenleaf on Evidence, § 382.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 2, 1893:

The indictment, on which appellant and his brother were tried, contains four counts respectively charging the defendants therein named, with: (1st) aggravated felonious assault and robbery; (2d) aggravated felonious assault with intent to rob; (3d) robbery, and (4th) larceny. Two of the defendants, Engle and Snow, had pleaded "guilty." Appellant and his brother, protesting their innocence, went to trial. The latter was acquitted. The former was found "guilty of larceny as charged in the fourth count of the indictment," and recommended to the mercy of the court.

The circumstances, attending the commission of the alleged crime as shown by the testimony, are fully stated in the charge of the court. It is unnecessary for us to do more than refer to a few of them incidentally. If the learned president of the oyer and terminer was correct in his view of the law applicable to the undisputed facts, there cannot be any doubt that the crime of larceny at least was committed. It was not shown that appellant was present when the money was taken. On the contrary, the proof of an alibi appears to have been very clear and uncontradicted. If, however, the taking, in the circumstances disclosed by the commonwealth's testimony, amounted to larceny, and the evidence, tending to prove that appellant was an accessory before the fact, was believed, the jury was warranted in finding as they did. The substance of that evidence is, that a robbery was adroitly planned by him, but the execution thereof was entrusted to Engle, Snow and Brown.

The latter informed the chief of police and Mr. Spencer, one of the intended victims of the contemplated robbery, and they arranged with Brown that he should co-operate with the others in the commission thereof and report to them. Part of that arrangement was that Spencer should put up $500 in several envelopes and place them on the paymaster's desk in the pay office, and notify the paymaster that Snow and Brown would attempt to take the money, but without injuring him; that he should submit to being bound, blindfolded and gagged, and not forcibly resist the taking of the money. Spencer explained this to the paymaster and the latter acted his part accordingly. At the time set for commission of the robbery, Engle went to the pay office to see that the way was clear. Finding that the paymaster was there alone, Brown and Snow following him, entered the office masked. Snow covered the paymaster with a revolver and ordered him to hold up his hands. Then Brown and Snow seized, bound, blindfolded and gagged him, and taking the money from his table, put it in bags and carried it in the direction of Engle's stable, for the purpose of there disposing of it as had been pre-arranged by the confederates. At that point, the police, who, meanwhile, had been awaiting developments, closed in on and arrested Engle, Snow and Brown, with the money in their possession.

This mere outline of the more prominent facts which the commonwealth's testimony tends to prove will be sufficient for the purpose of disposing of the specifications of error, the first and second of which complain of the following extracts from the learned judge's charge:

(a) "You may convict the defendants on the third count of an attempt to rob, and on the fourth count of a larceny, according as you are satisfied and convinced by the evidence in the case."

(b) "As to the third count you will say whether the defendants are guilty or not guilty of an attempt to commit a robbery, and on the fourth count whether they are guilty or not guilty of a larceny."

The remaining specification charges error generally "in submitting to the jury the question of defendant's guilt or innocence of the crime of larceny as charged upon him in the fourth count of the indictment; there not being sufficient evidence to warrant the submission of that question."

The first and second counts of the indictment were practically eliminated from the case by instructing the jury that there could be no conviction on either of them, and the third was disposed of by the verdict. That left nothing of which appellant could possibly complain except the instruction as to the charge of larceny contained in the fourth count, on which alone he was convicted and sentenced. As to that his counsel in their brief of argument say : " The vice of all the specifications of error is in the learned court submitting to the jury the question of larceny as set forth in the forth count of the indictment." That alleged error is grounded on the unwarranted assumption that there was no evidence in the case to justify a conviction of larceny. If believed by the jury, as it evidently was, the testimony tending to show appellant's active participation in planning a felonious taking of the money, and what was done in pursuance thereof by some of his confederates, was quite sufficient to warrant his conviction under the fourth count. While, as stated by appellant's counsel, " the evidence, if believed, is full and clear to the effect that Brown had informed the chief of police of the purpose and plan of the alleged confederates, and of the time they had fixed for the consummation of the offence ; and that Brown and the chief had fully informed Spencer of the whole matter," etc. ; and further that Brown was co-operating with the police and the intended victims of the plot, for the purpose of detecting and punishing those engaged therein, etc., it does not follow that Engle and Snow, two of said confederates, were any the less guilty of feloniously taking and carrying away the packages of money. It does not appear that they had any suspicion that Brown was acting the part of detective and informer. The jury was properly cautioned as to the danger of convicting on the testimony of accomplices. But the case did not rest on the testimony of Engle and Snow alone. They were corroborated by other witnesses. Brown was a competent witness, and, if believed, his testimony alone was sufficient to warrant the jury in finding that a larceny was committed. In Campbell v. Commonwealth, 84 Pa. 187, we held that one who joins a criminal organization for the purpose of exposing it, and bringing criminals to punishment, and honestly carries out that design, is not an accessory before the fact, although he may have encouraged and counseled parties who

were about to commit crime, if in so doing he intended that they should be discovered and punished; and his testimony, therefore, is not to be treated as that of an infamous witness. See also, Taylor on Evid., sec. 971 : Whart. Crim. Evidence, sec. 440.

So far as Engle and Snow participated in taking the money, the testimony all tends to show that they did so animo furandi, in pursuance of the preconcerted scheme to rob, etc., and were therefore guilty, at least of larceny : Com. v. Eichelberger, 119 Pa. 254.

The case against appellant turned upon questions of fact which were exclusively for the determination of the jury. To them it was fairly submitted with very full and adequate instructions. If there was any error, it was on the part of the jury; and the only remedy for that was in the court below. Neither of the specifications is sustained.

The sentence of the court of oyer and terminer is affirmed, and the record is remitted to the court for the purpose of fully executing said sentence ; and to that end, it is ordered that appellant do forthwith surrender himself into the custody of the sheriff of Lackawanna county.