Opinion by
 

 Kellee, P. J.,
 

 The wife plaintiff in this action, while walking across Oakwood Street in the City of Pittsburgh, was run into and injured by the defendant’s automobile, which was being negligently operated by its employee. She and her husband brought this action of trespass and recovered verdicts against the defendant of $500 for the wife and $3,000 for the husband. The husband’s verdict was subsequently reduced, by remittitur filed, to $2,500, and judgments were entered for the respective plaintiffs. Defendant appealed from the order of the court below discharging its rule for a new trial as respects the verdict of the husband. Ho appeal was taken from the judgment in favor of the wife and it is now final.
 

 The sole ground for the appeal is the alleged disproportion between the respective verdicts in favor of the wife and husband. It is without merit in the circumstances present in this case.
 

 The wife was not engaged in gainful occupation. She kept house for her husband. Her damages were restricted by the court to her pain and suffering endured and likely to be endured in the future. Her husband was entitled to recover for the expenses paid by him in connection with his wife’s injury and those which he would reasonably be called upon to pay in the future; and to compensation for the loss of the services and society of his wife, including the aid, assistance, comfort and society which the wife would be expected to render him if she had not been injured. At the time of trial he had paid out in actual expenses $900. His wife was seriously injured in the sacro-iliac region and
 
 *340
 
 is still incapacitated as a result of her injury. There is a prospect of her becoming well, or greatly improved, if a major operation is performed, the cost of which was estimated at $500 to $750, in addition to hospital expenses estimated at $150, all of which would have to be borne by the husband. The expenses would doubtless continue for some time after her return from the hospital, and he would have to employ outside help in the meantime. The trial judge did not feel that a verdict of $2,500 was excessive in the circumstances, and we agree with him. The verdict in favor of the wife was very modest, in view of her injuries. It may have been too small. But that is no reason why, under the evidence in this case, the verdict of the husband, which was considered reasonable by the jury and the court below should be further reduced.
 

 The case of
 
 Schmidt v. Pittsburgh Railways Co.,
 
 127 Pa. Superior Ct. 161, 193 A. 67, cited by the appellant, has no application here. The verdict in that case was for the defendant as to the wife plaintiff, who received the injury. We affirmed the action of the court below in entei’ing judgment for the defendant non obstante veredicto as to the verdict in favor of the husband. If the wife was not entitled to recover damages from the defendant for her injuries — whether because the defendant was not negligent or because she herself was guilty of contributory negligence — it followed that the defendant would not be liable to the husband for his expenses, etc. growing out of that injury. The question of proportion or disproportion between the verdicts was not in the case.
 

 Judgment affirmed.