Commonwealth *v.* Miller, Appellant.

Argued October 6, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*W. Hensel Brown,* for appellants.

*Paul A. Mueller,* with him *William C. Storb,* First Assistant District Attorney, and *John W. Beyer,* District Attorney, for appellee.

OPINION BY RENO, J., November 12, 1952:

Appellants, Jacob J. Miller and his son Robert L. Miller were indicted in two separate bills charging fraudulent conversion, larceny and receiving stolen goods. With Frank E. Hauck, who pleaded guilty, they were indicted for conspiracy. They were convicted of all the crimes charged, and were sentenced for larceny and conspiracy. Sentences for fraudulent conversion and receiving were suspended.

The cases grew out of transactions involving scrap materials of the Armstrong Cork Company, similar to those described in *Com. v. Kimmel,* 172 Pa. Superior Ct. 76, 92 A. 2d 247, and in general follow that factual pattern. Jacob J. Miller was the president and Robert L. Miller the secretary-treasurer of the Miller Junk and Waste Company, a corporation which had a contract with the Armstrong Cork Company to purchase its scrap materials. From the testimony the jury

could and did find that, in consideration of money regularly paid to Hauck, who was in charge of Armstrong's salvage yard, appellants received scrap materials which had been systematically short weighed or not weighed at all.

Since sentence was suspended for fraudulent conversion and receiving, we confine our review to the question whether appellants were properly convicted of larceny, the only count of the first indictment upon which they were sentenced. *Com. ex rel. Holly v. Ashe,* 368 Pa. 211, 82 A. 2d 244; *Com. v. Blose,* 160 Pa. Superior Ct. 165, 50 A. 2d 742. And, because the court below sentenced only for larceny, we do not reach the contention that the court erred in omitting to charge that appellants could be convicted for either larceny or receiving but not for both crimes. *Com. v. Bitler,* 133 Pa. Superior Ct. 268, 2 A. 2d 493.

For the most part, appellants' contentions virtually duplicate those advanced in *Com. v. Kimmel,* supra, and much of what we held there applies with equal force to these appeals. In a very true sense the two cases are companions and should be read together. Hauck did not have possession of the scrap; Armstrong had possession; and Hauck was a mere custodian. When he, pursuant to the corrupt agreement, delivered scrap material to appellants by short weighing or without weighing it, he converted it to his own use and was guilty of larceny. And appellants, who joined in his nefarious enterprise, aided and abetted him, paid him for his felonious taking, acted in concert with him to execute a collusive criminal design, took and carried the loot away, were equally guilty of larceny. *Com. v. Ott,* 154 Pa. Superior Ct. 647, 36 A. 2d 838; *Com. v. Hollister,* 157 Pa. 13, 27 A. 386; *Com. v. Petro,* 115 Pa. Superior Ct. 388, 176 A. 46. Cf. *Com. v. Strantz,* 328 Pa. 33, 195 A. 75. Certainly, appellants were acces-

sories before the fact, and as such were subject to trial and conviction as principals upon indictments which directly charged them with the crime of larceny. Act of June 24, 1939, P. L. 872, §1105, as amended, 18 P.S. §5105; *Com. v. Jones,* 97 Pa. Superior Ct. 417; *Com. v. Weldon,* 159 Pa. Superior Ct. 447, 48 A. 2d 98.

For the reasons stated in *Com. v. Kimmel,* supra, the decision in *Com. v. Wadley,* 169 Pa. Superior Ct. 490, 83 A. 2d 417, upon which these appellants also rely, is without application to this appeal.

The judgments and sentences are affirmed; the record is remitted to the court below; and it is ordered that appellant, Jacob J. Miller, appear in the court below at such time as he may be there called and that he be by that court committed until he shall have complied with the sentences of the court, or any part thereof, which have not been performed at the time the appeals in this case were made a supersedeas.

Upon his own motion the supersedeas was vacated as to Robert L. Miller and he began serving his sentence on May 19, 1952.