## Commonwealth *v.* Dunie, Appellant.

Argued November 17, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*Charles W. Eaby, Jr.,* with him *Charles W. Eaby,* for appellant.

*Paul A. Mueller,* with him *William C. Storb,* First Assistant District Attorney, for appellee.

OPINION BY RENO, J., January 20, 1953:

This appeal lies in the groove of *Com. v. Kimmel,* 172 Pa. Superior Ct. 76, 92 A. 2d 247, and *Com. v. Miller,* 172 Pa. Superior Ct. 82, 92 A. 2d 249, in which allocaturs were refused. Appellant, a junk dealer, purchased scrap materials from the Armstrong Cork Company and through a corrupt agreement with Frank E. Hauck, Armstrong's yard master, secured large quantities of materials without paying for them. With Hauck, he was indicted for conspiracy; Hauck pleaded guilty; and appellant was found guilty. On another indictment, he was charged with fraudulent conversion, larceny, and receiving; was convicted of fraudulent conversion and receiving; and acquitted of larceny. Sentence for fraudulent conversion was suspended; and for the conspiracy and receiving convictions he was given two consecutive jail sentences.

The facts, established by the jury's verdict, place appellant squarely within the *Kimmel* and *Miller* pattern. Pursuant to an agreement made in 1945, Hauck, in consideration of periodical money payments, systematically delivered more materials to appellant than he paid for. In his opinion denying a new trial Judge WISSLER explained the modus operandi: "The 'light-weighting' of the Dunie trucks was accomplished by Hauck by increasing the tare or empty weight of the trucks, for example, from 8000 to 8300 pounds. Hauck would also give defendant the advantage by reducing the recorded weight of the materials being sold to Dunie by taking a couple of hundred pounds off the gross weight. . . . and, in addition, seven to ten of the Dunie trucks per month were allowed to leave the salvage yard of the Armstrong Cork Company without any weigh slips whatsoever." This practice continued until September 1950, and the indictments were found in December 1950.

Because the conspiracy was formed in 1945, appellant argues that the prosecution begun in 1950 was barred by the Statute of Limitations. The conspiracy indictment was drawn under The Penal Code of June 24, 1939, P. L. 872, 18 P.S. §4302, which condemns a conspiracy "to cheat and defraud any person of his moneys, goods, chattels, or other property, . . ." and charged the commission of the offense within the two-year statutory period. The proof is that Hauck and appellant, from 1945 to September 1950, continuously engaged in criminal acts pursuant to their agreement. It was a continuing conspiracy which was not terminated until it was discovered in September 1950. The agreement to cheat and defraud another person is not the end of the offense and the statute does not begin to run until the conspiracy has ceased. *Com. v. Donnelly,* 40 Pa. Superior Ct. 116. A conspiracy renewed by repetitions may be prosecuted, and indictment found, at any time within two years after the commission of the last offense, by charging the crime within the statutory period. *Com. v. Kirk,* 141 Pa. Superior Ct. 123, 14 A. 2d 914, affirmed 340 Pa. 346, 17 A. 2d 195. Appellant was properly convicted for conspiracy.

Appellant's able counsel focused his oral argument upon the foregoing proposition but in his printed brief, evidently prepared before the *Kimmel* and *Miller* cases were decided, advances several additional contentions, most of which were negated in those cases. So far as they relate to the charge of larceny, of which appellant was acquitted, and to the charge of fraudulent conversion, for which sentence was suspended, they present no question for consideration on appeal. *Com. ex rel. Holly v. Ashe,* 368 Pa. 211, 82 A. 2d 244, and the *Kimmel* and *Miller* cases, supra.

There is a vague suggestion in the brief that the crime of receiving was merged in the offense of con-

spiracy, but the court below, on the authority of *Com. v. Corcoran & Corcoran*, 78 Pa. Superior Ct. 430, and related cases, properly overruled that contention. Sub silentio, the *Kimmel* and *Miller* cases followed the *Corcoran* doctrine. On the whole, the testimony is clearly sufficient to support the verdict, and reveals that the criminal scheme described by the trial judge was pursued by appellant and Hauck.

Judgments and sentences affirmed.