## Wolfsohn, Appellant, v. Solms.

Argued May 4, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

reargument refused July 2, 1959.

*Nochem S. Winnet,* with him *Daniel Lowenthal,* and *Fox, Rothschild, O'Brien & Frankel,* for appellant.

*W. Bradley Ward,* with him *Josephine H. Klein,* and *Schnader, Harrison, Segal & Lewis,* for appellees.

OPINION BY MR. JUSTICE COHEN, May 28, 1959:

The appellant, Florence Wolfsohn, brought an action in assumpsit against the executors of her deceased husband's estate to recover weekly sums, totalling $24,-875, due her as a result of a separation agreement entered into between her and her husband.

On March 26, 1956, the plaintiff and her husband executed the agreement which provided, *inter alia,* for payments to her of $350 per week and the cost of her

apartment rental not to exceed $250 per month. The agreement provided further that it should remain in force for a one year period and continue thereafter in yearly terms until written notice is given by either party at least thirty days prior to the end of any yearly term. Appellant's husband died on June 30, 1956, approximately eight months before the expiration of the first yearly term. The executor of her husband's estate did not make any payments after June 30, 1956. She brought suit against them for the remaining payments up to the close of the first yearly term and, though denied recovery in the lower court, on appeal we held that she was entitled to the payments. *Wolfsohn v. Solms*, 392 Pa. 129, 139 A. 2d 523 (1958).

Now, appellant contends that because no formal written notice was given as required by the agreement, she is entitled to payments from the end of the first year, March 26, 1957, up until the start of the instant suit, June 3, 1958. In a detailed and lengthy opinion, the court below held that the appellant was not entitled to anything further under this agreement.

Had the court below taken the time to carefully read and understand our earlier decision construing this agreement, *Wolfsohn v. Solms,* supra, there would have been no reason to raise or discuss the question of the necessity of notice. In our prior decision, we made it quite clear that the agreement survived the death of the appellant's husband and was a valid contract for the remainder of that yearly term. The reason for this was that since the appellant was required by the agreement to execute a joint tax return with her husband and did so, there was valid consideration to support his promise to pay for the period of a year, which promise bound his executors. However, since the husband is deceased and the wife cannot fulfill her obligation to execute a joint return, there is a failure of

consideration and the agreement, after the first year, is no longer effective.

Order affirmed.

Mr. Justice MUSMANNO dissents.