364 A.2d 886
**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Eddie Leonard MILLER, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 8, 1976.

Decided Oct. 8, 1976.

Blake E. Martin, Public Defender, Chambersburg, for appellant.

John R. Walker, Dist. Atty., Chambersburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

The appellant, Eddie Leonard Miller, was adjudged guilty following a nonjury trial of criminal conspiracy [1] and criminal mischief,[2] arising out of the felling and destruction of the Snowy Mountain Fire Tower at South Mountain, Franklin County. Post trial motions were filed and denied, and a term of imprisonment was imposed on Miller for the criminal mischief conviction.

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 903.

2. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 3304.

Sentence was suspended on the criminal conspiracy conviction and Miller was placed on probation for a period of seven years, said probation to commence upon the expiration of the sentence imposed on the criminal mischief conviction.

An appeal was then filed in the Superior Court which subsequently affirmed the judgments of sentence.[3] We granted allocatur, limited to a determination of whether Miller was properly convicted and sentenced for both the crime of criminal conspiracy and the crime of criminal mischief.[4]

It has long been the law of this Commonwealth that the crime of criminal conspiracy does not merge with the completed offense which was the object of the conspiracy. *Commonwealth ex rel. Perry v. Day,* 181 Pa.Super. 73, 121 A.2d 904 (1956); *Commonwealth v. Dunie,* 172 Pa.Super. 444, 94 A.2d 166 (1953); *Commonwealth v. Downer,* 159 Pa.Super. 626, 49 A.2d 516 (1946); *Commonwealth v. Corcoran & Corcoran,* 78 Pa.Super. 430 (1922). That is, the law has always considered criminal conspiracy and the completed substantive offense to be separate crimes.[5] Miller, while recognizing the current

3. 234 Pa.Super. 146, 339 A.2d 573 (1975).

4. We have independently reviewed the evidence presented at trial and are satisfied it was sufficient to support the convictions.

5. The rationale for this distinction is well-stated by the Supreme Court of the United States in *Iannelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975). The Court therein noted:
   " 'This settled principle derives from the reason of things in dealing with socially reprehensible conduct: collective criminal agreement—partnership in crime—presents a greater potential threat to the public than individual delicts. Concerted action both increases the likelihood that the criminal object will be successfully attained and decreases the probability that the individuals involved will depart from their path of criminality. Group association for criminal purposes often, if not normally, makes possible the attainment of ends more complex than those which one criminal could accomplish. Nor is the danger of a conspiratorial group limited to the particular end toward which it has embarked. Combination in crime make more likely the commission of crimes unrelated to the original purpose

status of the law in Pennsylvania, nevertheless contends that the Legislature, by its adoption of the Crimes Code,[6] intended to effect a change in the existing law. He argues that the tenor of the Crimes Code evidences a legislative intent to limit multiple prosecutions and convictions of a defendant for conduct which may establish the commission of more than one offense.[7]

However, even attributing to the Legislature the intent to limit multiple prosecutions and convictions in the manner articulated by Miller, it must be noted that the Crimes Code contains no provision barring the prosecution and conviction of criminal conspiracy when that criminal conspiracy consists only of the conspiracy or preparation to commit another crime for which the defendant stands charged. And no such provision is contained in the Crimes Code despite the fact that the Model Penal Code, upon which the Crimes Code is based, did contain a specific provision mandating the merger of criminal conspiracy into the completed substantive offense. Since statutes are not presumed to make changes

for which the group was formed. In sum, the danger which a conspiracy generates is not confined to the substantive offense which is the immediate aim of the enterprise.' "
*Id.* at 778, 95 S.Ct. at 290, quoting from *Callanan v. United States*, 364 U.S. 587, 593–594, 81 S.Ct. 321, 325, 5 L.Ed.2d 703 (1961). See also *United States v. Feola*, 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975).

6. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 101 et seq.

7. Section 1.07 of the Model Penal Code (Proposed Official Draft, 1962) provides:
"Section 1.07. Method of Prosecution When Conduct Constitutes More Than One Offense.
"(1) *Prosecution for Multiple Offenses; Limitation on Convictions.* When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
* * * * * * * * * *
(b) one offense consists only of a conspiracy or other form of preparation to commit the other."

in the rules and principles of the common law or prior existing law beyond what is expressly declared in their provisions, *Rahn v. Hess,* 378 Pa. 264, 270, 106 A.2d 461 (1954); *Gratz v. Insurance Co. of North America,* 282 Pa. 224, 234, 127 A. 620 (1925); *Commonwealth v. Hartung,* 156 Pa.Super. 176, 39 A.2d 734 (1944), we are constrained to hold that the failure of the Legislature to include, within the Crimes Code, any provision mandating the merger of criminal conspiracy into the completed substantive offense indicates that no change in the existing law was intended.

Moreover, where the Legislature intended to preclude multiple prosecutions and convictions, it manifested this intention clearly and precisely. Cf. *Glass v. Bureau of Traffic Safety of Pennsylvania,* 460 Pa. 362, 367–368, 333 A.2d 768 (1975). Thus, Section 906 of the Crimes Code [8] provides:

"A person may not be convicted of more than one offense defined by this chapter [inchoate crimes] for conduct designed to commit or to culminate in the commission of the same crime."

And Section 3502 of the Crimes Code [9] provides:

"(d) Multiple convictions.—A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree."

In the absence of any similar provision manifesting a legislative intent to preclude prosecution and conviction

8. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 906.

9. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 3502.

for both criminal conspiracy and the completed substantive offense, we may not impute such an intent to the Legislature.[10]

Order affirmed.

10. We further note that, as criminal conspiracy is not merely a lesser crime which is a constituent of the completed substantive offense, the doctrine of merger espoused in *Commonwealth v. Nelson,* 452 Pa. 275, 305 A.2d 369 (1973), is inapplicable.