## Tchimayan v. Toscano

*William F. Coyle,* for plaintiffs.
*William T. Renz,* for defendant.

WALSH, *J.,* December 8, 1977 — Defendant has filed a motion for judgment on the pleadings asserting that spouses have no cause of action for loss of consòrtium under the Pennsylvania No-fault Motor Vehicle Insurance Act.[1] We disagree and deny the motion.

---

1. Act of July 19, 1974, P.L. 489, 40 Pa.C.S.A. §1009.101 et seq.

Plaintiffs, husband and wife, have instituted an action in trespass for damages resulting from defendant's alleged negligent operation of an automobile. Wife-plaintiff's claim is based upon deprivation of the "assistance, service, comfort and society" of her husband who allegedly received physical injuries.

Under section 301 of the act, a person remains liable for damages for noneconomic detriment if the act results in certain designated injuries and damages. The words "noneconomic detriment" are defined as "pain, suffering, inconvenience, physical impairment, and *other nonpecuniary damage* recoverable under the tort law applicable to injury arising out of the maintenance or use of a motor vehicle. The term does not include punitive or exemplary damages." (Emphasis supplied.)

Although, traditionally, consortium was a husband's entitlement to his wife's "services," in Pennsylvania it has long been considered to encompass less practical and more sentimental factors, i.e., the aid, assistance, comfort and society of the wife: MacLeay v. Beckwith Machinery Co., 131 Pa. Superior Ct. 338, 200 Atl. 124 (1938); Burchfield v. Price, 5 Schuyl. 146 (1938). Now that recovery has been made available to the wife,[2] courts put even less emphasis upon "services" which can be bought elsewhere. Rather, the loss is seen as one of "company," "cooperation," and "affection": Ekalo v. Constructive Service Corporation of America, 46 N.J. 82, 215 A. 2d 1 (1965); Clem v. Brown, 3 Ohio Misc. 167, 207 N.E. 2d 398 (1965); Acuff v. Schmit, 248 Iowa 272, 78 N.W. 2d 480 (1956). In a Pennsylvania case, Leo v.

2. Hopkins v. Blanco, 457 Pa. 90, 320 A. 2d 139 (1974).

Bottman, 40 Wash. Co. 105 (1960), the court, in fact, suggests that because of husband's entitlement to recovery for loss of earnings, loss of consortium ". . . should be limited to a right growing out of the marriage relationship which the husband and wife have respectively to the society, companionship, and affection of each other in their life together."

Assuming then that loss of consortium includes some nonpecuniary types of detriment, the question becomes whether this loss is to be included in that "noneconomic detriment" for which recovery is allowed. Under the act, a person remains liable for damages for noneconomic detriment as long as a victim's injuries are of sufficient severity or require more than $750 worth of medical or dental services: 40 Pa.C.S.A. §4009.301(a)(5). The facts alleged by plaintiffs clearly bring the case at bar within this classification.

Defendant contends that because loss of consortium is not specifically enumerated as an exception to abolition of tort liability, it is no longer a recoverable item. But statutes are not presumed to make changes in rules and principles of common law or prior existing law beyond what is expressly declared in their provisions: Commonwealth v. Miller, 469 Pa. 24, 364 A. 2d 886 (1976). And where the words of a statute are not explicit, rules of statutory construction dictate that the court (1) seek to ascertain the intent of the General Assembly, using among other indicia the former law, and (2) liberally construe the provisions of a statute so as to effect its object and promote justice.[3]

Applying these principles, we find that section

3. Statutory Construction Act of December 6, 1972, P.L. 1339, 1 Pa.C.S.A. §§1921, 1928.

1009.301 provides for relief to a spouse for loss of consortium where a victim's injuries meet the criteria set forth in subsection 301(a)(5).

## ORDER

And now, December 8, 1977, on consideration of memoranda of law pursuant to Rule *266, it is ordered that defendant's motion for judgment on the pleadings is denied.