## Garney v. Hain Estate

*Ron Turo* and *Robert J. Mulderig,* for plaintiff.
*Allen E. Hench,* for defendant.

OLER *J.,* January 24, 1994—This case presents the issue of whether, under Pennsylvania law, the estate of a deceased parent of minor children may be subjected to a child support order for their benefit, under the circumstances stipulated to herein, which include neither a pre-existing support order nor a contractual agreement for support. For the reasons stated in this opinion, the court holds that entry of such an order against the estate would not be proper.

## STATEMENT OF FACTS

This matter has been submitted to the court upon an agreed-upon statement of facts. The stipulation of counsel in this regard is attached hereto.

Plaintiff, Noreen K. Garney, is the mother of minor children of decedent, Leslie Hain. Mr. Hain and plaintiff were divorced at the time of his death in 1992 and he had remarried. He died testate, survived by his former wife, his current wife, and his children. The testamentary beneficiary of his estate was his current wife, with the minor children being contingent beneficiaries in the event of her death within 60 days of his.

Plaintiff has filed the instant complaint for child support against the decedent's estate. The estate has moved for dismissal of the action on the ground that it does not represent a cognizable claim.

## STATEMENT OF LAW AND DISCUSSION

Plaintiff concedes that authority in Pennsylvania in support of the present claim against the decedent's estate appears to be lacking.[1] In addition, the several cases from other states relied upon by plaintiff in support of her position involve pre-existing support orders or pre-existing contractual agreements for support. *In re Smith's Estate,* 200 Cal. 654, 254 P. 567 (1927); *In re Estate of Goulart,* 218 Cal.2d 260, 32 Cal. Rptr. 229 (1963); *Estate of Champagne,* 153 Ill.3d 560, 505 N.E.2d 1352 (1987); *Miller v. Miller,* 64 Me. 484 (1874); *Grotsky v. Grotsky,* 58 N.J. 354, 277 A.2d 535 (1971); *Silberman v. Brown,* 72 N.E.2d 267 (Cuyahoga Co., Ohio 1946); *Hutchings v. Bates,* 393 S.W.2d 238 (Tex. Ct. Civ. App. 1965), *aff'd,* 406 S.W.2d 419 (Tex. 1966); *Caldwell v. Caldwell,* 5 Wis.2d 146, 92 N.W.2d 356 (1958).

The following additional factors militate against this court's adoption of plaintiff's position. First, at common law, "[a] parent has no ... obligation to provide for the support of his infant children after his death. ..." 59 Am.Jur.2d, *Parent and Child,* section 54, at 199 (1987). Thus, at common law, "[a parent's] liability for future support is normally terminated by that event." *Id.*

Second, it is a rule of statutory construction that "[s]tatutes ... should be construed to reflect common law unless the legislature clearly indicates otherwise." 3 Sutherland, Statutory Construction section 58.03 (1992). "[S]tatutes are not presumed to make changes

---

1. "Through extensive research, the plaintiff has been unable to find any authority in Pennsylvania either permitting or denying support in a situation such as this." Plaintiff's memorandum of law at 1; Plaintiff's brief at 3.

in the rules and principles of the common law ... beyond what is expressly declared in their provisions." *Commonwealth v. Miller,* 469 Pa. 24, 27-28, 364 A.2d 886, 887 (1976).[2] In Pennsylvania, there is nothing in the statute imposing a duty upon a parent to support his or her child which suggests an intent to impose an equivalent duty upon a decedent's estate;[3] furthermore, the absence of a forced share of a decedent's estate in favor of surviving children under the Probate, Estates and Fiduciaries Code[4] is similarly suggestive of legislative intent.[5]

Third, in the area of child support, Pennsylvania appellate courts have been reluctant to find a new duty where "no legal duty has been imposed by our legislature, [and] ... we [have not] developed such a duty by our case law." *Blue v. Blue,* 532 Pa. 521, 529, 616 A.2d 628, 632 (1992) (parental duty with respect to higher education).

Fourth, in the analogous area of spousal support the Pennsylvania Supreme Court has stated that "[a] husband's obligation to provide maintenance and support for his wife terminates with his death." *Wolfsohn v. Solms,* 392 Pa. 129, 131, 139 A.2d 523, 524 (1958).

Finally, it is not always advisable for a trial court to be the instrument for a major change in the law.

---

2. This is not to suggest that modern statutes in derogation of the common law are to be strictly construed. See Act of December 6, 1972, P.L. 1339, §3, 1 Pa.C.S. §1928(a) (1993 Supp.).

3. Act of October 30, 1985, P.L. 264, §1, 23 Pa.C.S. §4321.

4. Act of June 30, 1972, P.L. 508, §2, *as amended,* 20 Pa.C.S. §101 et seq. (Main vol. & 1993 Supp.); *cf. id.,* 20 Pa.C.S. §2203 (1993 Supp.) (elective share of surviving spouse).

5. The legislature has provided for some children of decedents by means of a "family exemption." Act of June 30, 1972, P.L. 508, §2, *as amended,* 20 Pa.C.S. §3121.

As Judge Learned Hand observed, "Nor is it desirable for a lower court to embrace the exhilarating opportunity of anticipating a doc[t]rine which may be in the womb of time, but whose birth is distant. ..." *Spector Motor Service v. Walsh,* 139 F.2d 809, 823 (2d Cir. 1944) (dissenting), *rev'd* 323 U.S. 101, 89 L.Ed. 101, 65 S.Ct. 152 (1944).

For these reasons, the following order will be entered:

## ORDER

And now, January 24, 1994, upon consideration of defendant's demurrer to plaintiff's complaint for support, and for the reasons stated in the accompanying opinion, the demurrer is sustained and the complaint is dismissed.

## *ATTACHMENT*

## STIPULATION OF FACTS

And now, comes the plaintiff Noreen K. Garney, by and through her counsel, Ron Turo, Esquire and the Estate of Leslie Hain, by and through its counsel, Allen E. Hench, Esquire and stipulates to the following facts:

(1) Leslie Hain was married to Noreen K. Garney from August 21, 1976 to June of 1984 when they were divorced.

(2) There were two children born of this marriage; Catherine Elizabeth Hain, born August 1, 1980; and Crystal Hain, born January 10, 1983.

(3) Another child, Heather Lynn Hain was born out of wedlock; paternity is neither agreed nor challenged.

(4) The children lived with their father, Leslie Hain, from the dates of their births until his death, except for Crystal Hain who moved in with her mother, Noreen K. Garney, on or about June 1, 1992.

(5) Subsequent to his divorce from Noreen K. Garney, Leslie Hain married Barbara Hain in March of 1985.

(6) There was one child born of this marriage, Michael Paul Hain, born November 7, 1986.

(7) The decedent's will, dated June 11, 1986 gave his estate to Barbara Hain, his wife and provided for Heather Lynn Hain, Catherine Elizabeth Hain, Crystal Hain, and Michael Paul Hain as contingent beneficiaries in the event Barbara Hain did not survive him by 60 days.

(8) Leslie Hain died on September 11, 1992.

(9) The estate has no income or earnings as defined in the Pa. Support Law, except for interest income potential, if any, on the estate checking account.

(10) The checking account is a non-interest bearing account.

(11) The estate assets have all been liquidated and the estate checking account is the sole asset.

(12) All four children above named are receiving social security benefits.

(13) The plaintiff hereby withdraws, with prejudice, all filings to 21 Estates 92-747 in Orphans' Court.

(14) The defendant, in view of the foregoing stipulation, for the sole purpose of the issue to be addressed hereby, withdraws Part III of the motion in limine regarding the Dead Man's Rule.

(15) The parties stipulate that no inquiry, at this point, is to be made otherwise into assets, earnings, social security benefits of either side, or into questions of dependency or emancipation; and the parties request that the court issue an order on the sole legal question of whether a decedent or decedent's estate is obligated to pay support for minor children of decedent.