J-S52033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KHARYEE  MCCULLOUGH | : | |
| | : | |
| Appellant | : | No. 2277 EDA 2017 |

Appeal from the PCRA Order June 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009669-2010

BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED DECEMBER 10, 2019**

Kharyee McCullough appeals from the order dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as meritless. Counsel filed in this Court a **_Turner/Finley_**[1] no-merit letter and a petition to withdraw as counsel. We grant counsel's petition to withdraw and affirm the order.

The trial court previously set forth the facts as follows:

> On June 1, 2010, thirty-four (34) year-old Raymond Berry (decedent) was shot by [McCullough] and an unknown accomplice on the 3000 block of West Dakota Street in Philadelphia. The decedent died from multiple gunshot wounds. Video surveillance obtained by police from cameras at a nearby business captured the crime. In a formal statement, [McCullough] identified himself as one of the

---

[1]  **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988), and **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa.Super. 1988) (_en banc_).

shooters in the video. He declined to provide the identity of his accomplice.

In the video, the decedent is observed running. [McCullough] and his accomplice chase the decedent on bicycles in the same direction. The two men separate. Gunshot flashes are observed. Consistent with trace blood evidence at the scene, the unarmed decedent falls by a nearby vehicle, rises to his feet, and limps as he continues to run for his life. [McCullough] continues to shoot at the decedent before turning his bike around. Then, off camera, [McCullough's] accomplice approaches from the other end of the street to deliver the fatal shots. [McCullough] admitted to hearing gunshots as he rode away from the crime scene.

During collection of ballistic and trace blood evidence, six (6) .380 caliber semi-automatic fired cartridge casings [] were recovered at the scene of the shooting, all stamped with the same manufacturer['s name]. [McCullough] stated he was shooting a .380 [caliber firearm], but that he only had four shots in his gun. The medical examiner, Dr. Aaron Rosen, observed four gunshot wounds to the body, two to the head and neck area, one to the back and one to the right arm. The wound to the right forearm was the first wound that [the decedent] received. Based on the evidence presented at trial, the decedent would not have died from the shot to the right arm that was fired by [McCullough].

Officer Brian Stark testified that the gunpowder was visible around each of the bullet holes. Gamal Emira, criminalist for the Philadelphia Police Department, testified that the discoloration around the hole in the back of decedent's t-shirt and the presence of high particles of gunshot residue indicate the gun was fired in close proximity [to] or touching the clothing at the time it was fired. Detective Edward Nelson and Dr. Rosen testified that the gunshot wound to the [decedent's] forehead was consistent with a contact wound, evident from the tearing of decedent's skin. [McCullough's] accomplice delivered the coup de grâce[, a] contact gunshot wound to his forehead [and a] contact gunshot wound to his back.

Trial Court Opinion, filed Sept. 23, 2014, at 2-3 (record citations, quotations, and original brackets omitted).

Following a bench trial, the trial court found McCullough guilty of third-degree murder, conspiracy to commit murder, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, and possession of instrument of crime.[2] The trial court sentenced McCullough to 25 to 50 years' imprisonment. The trial court re-instated McCullough's direct appeal rights, and he appealed to this Court. He argued that the Commonwealth presented insufficient evidence to support the third-degree murder and conspiracy convictions. We affirmed the judgment of sentence. McCullough filed a petition for allowance of appeal, which the Supreme Court denied on August 19, 2015.

McCullough filed a timely counseled PCRA petition arguing that counsel was ineffective because, although he challenged the sufficiency of the evidence on direct appeal, he asserted the wrong legal theory. McCullough claimed that counsel was ineffective for failing to argue that the evidence supported only a finding of first-degree murder by the other assailant and, because the trial court allegedly found McCullough did not have an intent to kill, he would have to be acquitted of murder. He claimed that, if the murder was first-degree murder, it could not also be third-degree murder. Petition for Post Conviction Relief, filed Sept. 9, 2016, at ¶¶ 33-35. He stated:

---

[2] 18 Pa.C.S.A. §§ 2502(c), 903, 6106(a)(1), 6108, and 907, respectively.

> [T]he victim was killed with specific intent and not with mere hardness of h[eart], and therefore any crimes the defendant is found guilty of must be satisfied by those findings: these convictions for third degree murder and conspiracy to commit homicide, were both not satisfied by the findings of the trial court.

*Id.* at ¶ 39. He concluded he should have been charged with aggravated assault, not homicide. *Id.* at ¶ 40. In the PCRA petition, McCullough also claimed counsel was ineffective for failing to request a specific charge as to what degree of homicide the fact finder should consider.

The PCRA court held a hearing, at which it stated its reasons for finding the counsel ineffectiveness claims meritless. N.T., 5/12/17, at 1-12. That same day, it issued Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907 of its intent to dismiss the petition without an evidentiary hearing. The PCRA court subsequently dismissed the petition. McCullough filed a timely Notice of Appeal.

McCullough's counsel then filed a motion to withdraw with this Court. We granted the motion and directed the PCRA court to determine whether McCullough was eligible for counsel, and, if so, to appoint counsel for this appeal. The PCRA court appointed counsel. With the PCRA court's permission, appointed counsel filed a Rule 1925(b) statement, raising only whether counsel was ineffective for asserting the wrong argument in support of the sufficiency claim. We twice remanded to the PCRA court for determinations as to whether counsel had abandoned McCullough. Following the second remand, the PCRA court removed counsel, and appointed new counsel. New counsel filed a no-merit ***Turner/Finley*** letter and a petition to withdraw as counsel.

- 4 -

We review the petition to withdraw prior to reaching the merits of McCullough's claims. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel requesting to withdraw from PCRA representation must file a "no merit" brief that conforms to the requirements of **Turner** and **Finley**. **See Commonwealth v. Muzzy**, 141 A.3d 509, 510-11 (Pa.Super. 2016). A **Turner/Finley** brief must detail "the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." **Id.** Counsel must send the petitioner a copy of the brief, a copy of counsel's petition to withdraw, and "a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Id.** at 511 (quoting **Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012)). If counsel fulfills these requirements, then this Court must conduct its own review of the case, and, if the claims are without merit, permit counsel to withdraw. **Id.** (quoting **Doty**, 48 A.3d at 454).

Here, counsel detailed the nature and extent of his diligent review of the case, listed the issue McCullough wanted to have reviewed, explained why the issue lacked merit, and requested permission to withdraw. He also sent McCullough a copy of the brief and petition to withdraw, and advised McCullough of his right to proceed *pro se* or with new counsel. We conclude counsel has complied with the procedural requirements of **Turner/Finley**.

We next review the issue raised in the **Turner/Finley** letter, which was the issue raised in the Rule 1925(b) statement:

> The lower court erred when it ruled there was no basis for a PCRA claim because it found that a conspiracy existed between the codefendants. The evidence in the trial did not prove any preexisting conspiracy was present and trial counsel should have argued there was no conspiracy at all, instead of arguing there was no conspiracy to commit criminal homicide.

*Turner/Finley* Br. at 4.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa.Super. 2003) (*en banc*).

Ineffective assistance is a cognizable claim under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii). "Counsel is presumed effective, and [a petitioner] has the burden of proving otherwise." *Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa.Super. 2017). To overcome this presumption, a petitioner must plead and prove that: "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." *Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011). Failing to satisfy even one of these factors requires this Court to reject the claim. *Commonwealth v. Dennis*, 950 A.2d 945, 954 (Pa. 2008).

Here, the claim underlying the ineffectiveness claim is a claim the evidence was insufficient to support the verdict. When reviewing a challenge to the sufficiency of the evidence, we view the facts in the light most favorable to the Commonwealth as verdict winner, with all reasonable inferences in the

Commonwealth's favor. *Commonwealth v. Sweitzer*, 177 A.3d 253, 257 (Pa.Super. 2017). Our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Edwards*, 177 A.3d 963, 969 (Pa.Super. 2018).

To sustain a conviction for third-degree murder, the Commonwealth must prove beyond a reasonable doubt two elements: (1) that the defendant killed another person, and (2) that the defendant did so with malice aforethought. *Commonwealth v. Fisher*, 80 A.3d 1186, 1191 (Pa. 2013). Malice is present where there is "not only a particular ill-will, but ... [also a] wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty . . . ." *Id.* (quoting *Commonwealth v. Santos*, 876 A.2d 360, 363 (Pa. 2005)) (alteration in *Fisher*). Further, the "absence of specific intent to kill is not an element of third-degree murder." *Id.* Rather, third-degree murder "is an intentional act, characterized by malice, that results in death, intended or not." *Id.* A person is liable as an accomplice where, "(1) with the intent of promoting or facilitating the commission of the offense, he: . . . (ii) aids or agrees or attempts to aid such other person in planning or committing it." 18 Pa.C.S.A. § 306(c)(1)(ii).

"[T]o prove the existence of a criminal conspiracy, the Commonwealth must demonstrate that the defendant: '(1) entered an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and, (3) an overt act was done in furtherance of the conspiracy.'" *Commonwealth v. Chambers*, 188 A.3d 400, 409-10 (Pa.

2018) (quoting **Commonwealth v. Rios**, 684 A.2d 1025, 1030 (Pa. 1996)). If the Commonwealth established a conspiracy beyond a reasonable doubt, "a conspirator can be convicted of both the conspiracy and the substantive offense that served as the illicit objective of the conspiracy." **Id.** at 410 (quoting **Commonwealth v. Miller**, 364 A.2d 886, 887 (Pa. 1976)). "Proving the existence of such an agreement is not always easy, and is rarely proven with direct evidence." **Id.** (citing **Commonwealth v. Spotz**, 716 A.2d 580, 592 (Pa. 1998)). The Commonwealth may prove a conspiracy "inferentially by showing the relation, conduct, or circumstances of the parties, and the overt acts of alleged co-conspirators are competent as proof that a criminal confederation has in fact been formed." **Id.** (quoting **Commonwealth v. Kennedy**, 453 A.2d 927, 930 (Pa. 1982)).

We first note that trial counsel did raise on direct appeal a challenge to the sufficiency of the evidence. Counsel cannot be found ineffective for failing to raise a claim he did in fact raise. To the extent the sufficiency argument raised in his PCRA petition differs from the sufficiency claim raised on direct appeal, we conclude that the PCRA court did not err in finding the underlying sufficiency of the evidence claim lacks merit and therefore finding counsel was not ineffective.

Here, the PCRA court concluded the evidence was sufficient to support the third-degree murder and conspiracy conviction, noting that the fact that McCullough left the scene before the fatal shot was fired did not relieve him of responsibility for homicide. The PCRA court also noted that the fact that the

court convicted him of third-degree murder, rather than first-degree murder,

does not mean that a conspiracy to commit murder did not occur:

> In the instant case, [McCullough], while riding his bike, fired six shots from a semi-automatic pistol at the decedent who was running away from [McCullough]. [McCullough] was with another individual. [McCullough] was shown a video wherein, I believe, both individuals, the shooters, because there are two shooters in this case, were captured on video. [McCullough] identified himself. You couldn't really see the two of them. [McCullough] identifies himself as the shooter on the bike that fires first.
>
> From the testimony at trial, it was concluded that the first shot went into the victim's arm because of the blood spatter along, I think, the fence where he ran and then on the video, you see the bike rider, who shot him first and fired off six shots, then turn and go the other way, leave the scene, basically, when a second bike rider comes in, follows [McCullough] down a narrow street, that is not captured on video but the [medical examiner] testified that the decedent was shot at close range and the gun was right on top of him at that point and it was a different gun obviously. So we know what gun the first bike rider was carrying only because he pointed himself out on camera and we know that the shot in the arm was the first shot fired.
>
> So, [McCullough's] complaint is that he should have only been charged -- this is off the top of my head -- he should have only been charged with aggravated assault because he fired off one shot and then left and so he can't be complicit in anything that happened afterward because he didn't go in for the kill shot, basically.
>
> So intentionally aiming a gun and firing at another exhibits that type of cruel and wanton conduct of which legal malice is made for third degree murder. The act of [McCullough], in combination with his accomplice, led to the murder of the decedent.
>
> This Court found that they were accomplices and coconspirators. To convict a defendant of criminal conspiracy, you could use wholly circumstantial evidence. Two bike riders on a bike, chasing down this decedent, who

was running for his life. [McCullough] fires first. He fires off all of those shots, six shots with the intent -- the Court could have found first degree murder in this case, basically -- it was with the intent to kill. Just because he missed his target in an essential area that would have led to death does not mean that he is off the hook. Just because the Court found him guilty of third degree murder and gave him that break doesn't mean he can come in now and complain that he shouldn't have even been found guilty of third degree murder. The conduct and circumstances surrounding the two men's actions show an agreement to hunt down, shoot and kill the decedent.

So, therefore, Counsel can't be found ineffective for failing to raise a frivolous issue. This was a waiver trial and Counsel well knew [McCullough] could have been found guilty of conspiracy to commit first degree murder.

N.T., 5/12/17, at 4-7. The PCRA court's conclusions are supported by the record, and it did not err. McCullough's claim that his counsel was ineffective for failing to assert a different theory to support a sufficiency of the evidence challenge lacks merit.

Although not raised in his Rule 1925(b) statement or the **_Turner/Finley_** letter, we will also address the second claim raised in McCullough's PCRA petition—counsel ineffectiveness for failing to request a specific charge as to what degree of homicide the fact finder should consider.

Where "a case is tried to the court rather than a jury, we will presume that the court applied proper legal standards." **_Commonwealth v. Hunter_**, 554 A.2d 550, 558 (Pa.Super. 1989). Here, the PCRA court concluded:

It is presumed under the law that the Trial Court applied the proper, legal standards. Under the case law, a Judge is imbued with the knowledge of the law that she would have given in a formal charge to the jury.

- 10 -

> The Court charges itself on every charge there is. The Court is very aware of the various homicide charges that the Court can find and the Court looks at the evidence with a view to deciding whether the facts meet from first degree murder to not guilty and that includes voluntary manslaughter, involuntary manslaughter, third degree murder and first degree murder and for certain, the Court would never find [McCullough] guilty of aggravated assault because a death occurred. An aggravated assault which death occurs is third degree murder.
>
> So these allegations of ineffective assistance of [c]ounsel clearly lack arguable merit.

N.T., 5/12/17, at 8-9. The PCRA court did not err in finding the underlying claim lacked merit and therefore the counsel ineffectiveness claim lacked merit.

Therefore, the claims raised in McCullough's PCRA petition lack merit. Further, following an independent review of the record, we have found no claims of arguable merit.[3]

Order affirmed. Petition to Withdraw granted.

---

[3] McCullough filed a counseled "Motion to Remand to Trial Court for New Trial or Alternatively, for an Evidentiary Hearing on a Newly-Evidence [sic] Claim," claiming a police detective fabricated evidence and falsified McCullough's statement. This motion is denied without prejudice to McCullough's right to raise such a claim in a PCRA petition, for which he would have to plead and prove an exception to the time-bar. *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (holding where a PCRA appeal is pending, subsequent PCRA petition "cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review," and if subsequent petition is not filed within one year of date when judgment became final then the petitioner must plead and prove one of the three exceptions to the time-bar and comply with time limit set forth in 42 Pa.C.S.A. § 9545(b)(2)).

Judge Kunselman joins the Memorandum.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/10/19