## Moyer *v.* Heilveil et al., Appellants.

Argued October 2, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Henry Temin,* with him *Todd Daniel,* for appellants.

*Ralph S. Croskey,* with him *Frederick L. Raker* and *Croskey & Edwards,* for appellee.

OPINION BY HIRT, J., November 18, 1946:

Defendants, by contract with plaintiff, hired him as their superintendent on a building project. Plaintiff contended that he was discharged by defendants prior to the expiration of the agreed term of his employment without good cause, and in this action sought damages measured by his loss of earnings for the period following his dismissal. The jury found for plaintiff in the full amount of his claim. Defendants, in this appeal, assign the refusal of a new trial as error, but their first contention is that they are entitled to judgment n. o. v. on the ground that the contract was wholly in writing and that the hiring was at will. Whether, under the circumstances, a prior oral contract was competent proof of a hiring for a definite term, is the question involved.

Defendants were committed to the erection of thirty-three four-family apartment houses on land which they were about to acquire. To finance a substantial part of the cost of construction, defendants negotiated a mortgage with the Trust Company of New Jersey subject to insured payment by Federal Housing Administration. Defendants received a deed conveying the land to them on February 29, 1944. Thereafter Federal Housing Administration approved defendants' plans and specifica-

tions and by endorsement of the bond accompanying the mortgage, insured the repayment of advancements for construction, subject, however, to their approval of the title to the land. Title requirements were fulfilled on March 23, 1944, and the mortgage, insured by Federal Housing Administration, was recorded on that date. According to its terms, payments were to be made to defendants, thereafter, by the Trust Company mortgagee, as the buildings progressed. Anticipating the need for supervision of construction of the extensive building program, defendants had employed plaintiff as superintendent of the project. On September 28, 1943, defendants wrote plaintiff as follows: "We hereby agree to accept your services as Construction Superintendent on the above Project, at a salary of One hundred ($100.00) dollars per week, same to begin at once upon the final commitment by the F.H.A., which commitment should be made final in the very immediate future. Will you kindly outline in writing the exact duties that you intend to perform in accordance with our several conversations?" This letter was returned to defendants by plaintiff endorsed: "Accepted: Harry R. Moyer." As requested, plaintiff also wrote defendants on September 30, 1943, outlining in general terms his assumed obligation to "supervise the construction of above project according to your plans and specifications . . . to see that the work is properly done and materials protected by contractors", and to expedite the work. These were the writings between the parties which defendants contend constituted the whole contract of hiring.

In a contract of hiring where no definite term is expressed, the law will presume a hiring at will. But in the absence of circumstances showing a different intention, the presumption is one of fact and may be overcome by other evidence establishing a hiring for a fixed term. *Johnson v. Spear & Company,* 122 Pa. Superior Ct. 526, 186 A. 313. From the circumstances, as developed by the testimony, the court was right in inferring

that the parties in this case did not intend the written agreement to be a complete and final settlement of the whole transaction between them. The writing is silent, except for implications favoring plaintiff, as to the term of the employment. It therefore was proper for plaintiff to prove a prior separate oral agreement not inconsistent with the writing and unaffected by it, establishing the actual intention of the parties. Cf. *White v. Black*, 14 Pa. Superior Ct. 459, 467. A contract may be partly oral and partly in writing and the written agreement does not supersede the oral contract unless complete in itself, embodying all of the terms orally agreed upon. *Russo's Estate*, 119 Pa. Superior Ct. 309, 180 A. 741. The rule is thus stated: "An oral agreement is not superseded or invalidated by a subsequent or contemporaneous integration . . . if the agreement is *not* inconsistent with the integrated contract, and . . . (b) is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract": Restatement, Contracts, §240. "The test to determine whether the alleged parol agreement comes within the field embraced by the written one is to compare the two and determine whether parties, situated as were the ones to the contract, would naturally and normally include the one in the other if it were made": *McCormick v. Harris et al.*, 130 Pa. Superior Ct. 175, 196 A. 885.

Plaintiff's proofs establish that by a prior oral contract he was employed to supervise the preparation of the site at $100 per week and as construction superintendent, at the same rate of pay, for nine months from the date of final commitment by the Federal Housing Administration; that was the estimated construction period, in the judgment of the parties, for completion of the work. Plaintiff began work under the oral contract on April 4, 1944, and prepared the site for construction of the buildings by removing trees and underbrush and demolishing existing structures. The writing

is silent as to that, and yet this work was a part of the contract of hiring, to be performed by him at the same rate of pay, until, with actual building operations, his duties as construction superintendent began. The writing was a confirmation, but only of a part of the oral contract; it did not embody the whole of the agreement of the parties. It was a reasonable inference for the jury that the term of employment, agreed to orally, was assumed by the parties in the writing, preserving the status of plaintiff as superintendent "on the above project" for the period previously agreed upon. Defendants are not entitled to judgment n. o. v.

The trial judge permitted the jury to find the date of "the final commitment" by the Federal Housing Administration, marking the beginning of plaintiff's nine months' term of employment, and the jury found that date to be June 1, 1944, when building operations actually began. Plaintiff received $100 weekly from April 4, 1944, until October 18, 1944, when he was discharged without good cause. The jury found that he, under his contract, was entitled to pay for nineteen additional weeks at the same rate, less $500 which he earned in other work, following his discharge. Accordingly, the jury found for plaintiff in the sum of $1,400. The verdict, clearly, is excessive. The obligation which Federal Housing Administration insured was an advance money mortgage. The date when Federal Housing Administration became committed to insurance of the loan was not related to the time required for completion of the work nor the date when actual construction began. The question, as to when that obligation was assumed, was one of law for the court and not of fact for the jury. The final commitment of Federal Housing Administration occurred on the date of the delivery and recording of defendants' mortgage to the Trust Company which by endorsement contained the assumption of insurance of payments to which the contract of hiring referred. That date was March 23, 1944, and plaintiff's contract of em-

ployment expired nine months later, on December 23, 1944. He suffered no damages from defendants' breach of the contract thereafter. A new trial must be granted unless plaintiff will remit of record that part of the verdict computed on salary at $100 per week after December 23, 1944.

Judgment affirmed upon the filing of a remittitur by plaintiff, within fifteen days, in accordance with this opinion; otherwise new trial granted.