## Levine Estate.

Argued October 4, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*Morris M. Berger,* for appellant.

*Coleman Harrison,* with him *Allan I. Smith* and *Leon H. Fox,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, November 28, 1955:

On August 15, 1923, Morris Levine and Flora Winkler, each of whom had previously been married, became husband and wife, bringing to their common household children from their respective previous unions. The merger apparently was not completely harmonious for

in time differences arose between the spouses, quarrels followed, separation and divorce were threatened, and finally they decided to live in their mutual misery through the execution of an agreement which would clearly delineate their property rights in what they jointly and severally owned.

On December 24, 1949, the parties entered into an agreement asserting that they both were tenants in common of a property located at 6894 Hamilton Avenue (valued at $55,000 with an unpaid mortgage of $3800); that all income therefrom would be deposited in Morris Levine's personal checking account; and that Flora Levine was the owner of real property at 6428 Darlington Road (valued at $20,000, subject to a $5,000 mortgage) and personal property valued at $2500. It was stipulated that one-half of Morris Levine's checking account was to belong to Flora Levine and that in the event she predeceased her husband, one-half of the account was to go to her executor. On the other hand, if Flora Levine survived her husband, one-half of his checking account would be paid to her as a "full and complete accounting for all monies that may be due her as tenant in common of said real estate" [the Hamilton Avenue property]. The Agreement contained mutual waivers: "Each of the parties hereto, hereby waive and relinquish any and all rights which the survivor of them may have in the estate of the other by virtue of any law now in force or hereafter enacted."

Morris Levine died on April 30, 1950, leaving by a will dated November 30, 1947, the bulk of his estate to his three children of his former marriage. Mrs. Levine was named residuary legatee, but the residue was empty of substance. The widow elected to take against the will. On August 19, 1953, the administrator filed a petition to annul Mrs. Levine's election, pleading the post-nuptial agreement of December 24,

1949. On January 21, 1954, Mrs. Levine filed an answer repudiating the agreement on the grounds that it was nudum pactum and had been signed by her under duress. The lower Court sustained the petition of the administrator c.t.a. to set aside the widow's election to take against the will. This appeal followed.

It is Mrs. Levine's contention that she did not receive what was contemplated under the post-nuptial agreement and therefore is not bound by her promise to abstain from participating in benefits which would accrue to her as a widow under the intestate laws. The lower Court held that since the agreement was under seal want of consideration was no defense.

In a situation of this kind the facts must be analyzed to determine whether the complaining party is seeking release from a contractual obligation because of want of consideration or failure of consideration. In *Killeen's Estate*, 310 Pa. 182, 187, this Court said: "There is, however, a distinction between want and failure of consideration: want of consideration embraces transactions or instances where none was intended to pass, while failure of consideration implies that a valuable consideration, moving from obligee to obligor, was contemplated: Meek v. Frantz, 171 Pa. 632. Want of consideration is no defense, as this would contradict the terms of the instrument, while failure of consideration does not contradict the terms of the instrument, but shows that the consideration contemplated was never received."

Failure of consideration is always available as a defense to a sealed instrument. (*Conrad's Estate*, 333 Pa. 561.) "Though a sealed promise is binding without consideration where no consideration is bargained for, most sealed promises like unsealed promises are not intended to be given gratuitously but in exchange for a consideration, and failure of consideration, that is,

failure to receive the intended exchange, must be sharply distinguished from lack of consideration." (1 Williston, Contracts, Sec. 109.)

What Mrs. Levine urges is not that consideration was not specified in the agreement but that there was a failure on the part of her husband to supply what he promised, in exchange for her promise not to claim any part of his estate. One of the proposed considerations for Mrs. Levine's waiver of rights in her husband's estate was his direction to award to her one-half of his checking account in which the Hamilton Street property rents were deposited. There was testimony at the hearing in Orphans' Court that not only all the receipts from the Hamilton Avenue property but the income as well from Mrs. Levine's Darlington Road property went into the checking account of Morris Levine. Mrs. Levine was thus entitled to at least one-half of the bank account without any agreement. One-half of the bank account was already hers; it could not therefore be regarded as consideration passing under the agreement. The fact that the account stood on the books of the bank in the name of Morris Levine alone, plus his direction to the executors to pay one-half of the fund to Mrs. Levine, would not constitute consideration for her promise to refrain from claiming any part of his estate. Acknowledgment of what clearly belongs to another by law and equity cannot be advanced as consideration.

Nor can the fact that on December 24, 1949, Mr. Levine conceded all rights in his wife's estate be accepted as consideration for Mrs. Levine's promise in the document of that date. Mr. Levine had already waived all claims he might have had in his wife's estate on January 9, 1945, by an instrument under seal entitled "Waiver and Release in Rights of Estate". That Waiver and Release being under seal was bind-

ing and effective *in praesenti*—immediately upon its execution. Thus in December, 1949, Morris Levine stood outside the pale of his wife's property and his offer not to invade her estate was devoid of significance. It is true that the agreement of 1949 was also under seal, but as to that agreement there was a failure of consideration for, as indicated, Mr. Levine specified what it was he intended to confer upon his wife in exchange for her abandoning all claims to any part of his estate. But he could not give her what he promised, for the cogent reason that it was not his to give. It was impossible for him to pass to his wife what was already hers.

Since Flora Levine did not receive the consideration contemplated and bargained for in the agreement of December, 1949, she is released from any assumed obligation owing from her in that same agreement; and she is thus not barred from electing to take against her husband's will.

The decree of the lower Court is reversed because, although it correctly stated "The agreement is under seal and shows consideration on its face," there was in fact a failure of consideration. In view of this conclusion it is unnecessary to make any determination on the question of duress.

Decree reversed; costs to be borne equally between the parties.