Neville *v.* Scott, Appellant.

Argued November 14, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Thomas H. Cauley,* with him *Cauley & Birsic,* for appellant.

*Samuel Avins,* for appellees.

OPINION BY WRIGHT, J., December 28, 1956:

On November 17, 1950, Wilkins M. and Frances M. Neville, husband and wife, instituted an action in assumpsit against Bart J. Scott to recover damages for breach of contract. The jury found for the plaintiffs in the sum of $2,761.00. Defendant filed motions for judgment n.o.v. and for a new trial. The court en banc overruled both motions, but conditioned its refusal of a new trial upon the filing of a stipulation by plaintiffs remitting $761.00 of the verdict. Judgment was accordingly entered in the sum of $2,000.00, and this appeal by defendant followed.

On October 18, 1948, Scott entered into a written agreement with the Nevilles by virtue of which he was to build a dwelling on their lot located on National Street in the City of Pittsburgh. This agreement consisted of a proposal to which were attached eight pages of plans and also a four-page Federal Housing Administration form entitled "Description of Materials". The price fixed in the proposal was $14,750.00 to be paid as follows: $3,000.00 down, namely, $1,000.00 cash and $2,000.00 value of the lot, $1,000.00 in thirty days, and the balance of $10,750.00 "upon delivery of deed". Relying on Scott's representation that he could not negotiate an FHA loan unless he took over the lot, the Nevilles executed a conveyance to Scott. On January 31, 1949, Scott and his wife entered into an agreement to reconvey the lot to the Nevilles "upon which lot there is being erected and to be completed a one-story brick veneer dwelling". The price designated was $14,-

750.00 to be paid as follows: $4,000.00 down, receipt whereof was acknowledged, and the balance in cash upon delivery of deed. This second agreement provided that the lot would be subjected to an FHA insured mortgage from Housing Mortgage Corporation, and that the house should be considered completed when it received final FHA construction approval. It also contained an integration clause. On April 26, 1949, there was a settlement with the Housing Mortgage Corporation at which time Scott and his wife executed the reconveyance.

The complaint pleaded the first agreement and alleged a large number of defects in the construction of the dwelling. The answer pleaded the second agreement and averred that it "comprises an integral part of their contract". By way of new matter it was averred that the house had been approved by the FHA and accepted by the plaintiffs. In reply to the new matter plaintiffs admitted that the house had been physically completed, but averred that it had not been constructed in accordance with the contract and denied that they had accepted the house as satisfactory. There was testimony that, at the time of the reconveyance, the plaintiffs complained about the defects, and that Scott promised to remedy them. Scott did not take the stand and offered no evidence.

Appellant first contends that he was "entitled to a compulsory nonsuit and/or binding instructions". He argues that, since appellees did not repudiate the agreement of January 31, 1949, and since the court below held that it was valid, the evidence concerning the contract of October 18, 1948, was improperly admitted; and that, without this evidence, appellees failed to make out a case. He relies upon *Gianni v. Russell & Co.*, 281 Pa. 320, 126 A. 791, for the well established

rule that, where the parties have put their engagements in writing, the law declares the writing to be the only evidence of their agreement. It should perhaps be here noted, as pointed out by the court below, that this contention is inconsistent with appellant's answer to the complaint.

The present case is not one in which it is sought to vary the terms of a written instrument. We are here confronted with two agreements which must be read together. Appellees' suit was based upon a breach of the earlier contract. The later agreement, brought into the case by appellant, expressly refers to the fact that a dwelling was being erected on the lot to be reconveyed. Consequently, reference must be had to the earlier contract to determine the plans, specifications and materials contemplated. In no other way can the intention of the parties as to the particular kind and quality of dwelling be determined. Without the information supplied by the earlier contract, the later agreement is incomplete. Where several instruments are made as part of one transaction they will be read together, and each will be construed with reference to the other; and this is so although the instruments may have been executed at different times and do not in terms refer to each other: *Wilson v. Viking Corp.*, 134 Pa. Superior Ct. 153, 3 A. 2d 180. See also *Landreth v. First National Bank*, 346 Pa. 551, 31 A. 2d 161. The presence of the integration clause is not controlling, since the second agreement did not fully express the essential elements of the parties' undertaking: *International Milling Co. v. Hachmeister, Inc.*, 380 Pa. 407, 110 A. 2d 186. As was said by Mr. Justice JONES in that case: "Nor is there any requirement that a contract be evidenced by a single instrument. If contracting parties choose, they may express their agreement

in one or more writings and, in such circumstances, the several documents are to be interpreted together, each one contributing (to the extent of its worth) to the ascertainment of the true intent of the parties".

Appellant's second contention is that the court below erroneously concluded "that the plaintiffs' claim was based upon a written agreement executed January 31st, 1949, with four parties when suit was brought upon an earlier agreement dated October 18, 1948, with three parties". Appellant first states: "Logically the court below should have disregarded the agreement of January 31, 1949, between the plaintiffs and defendant as well as Harriett A. Scott for the plaintiffs relied on the agreement of October 18, 1948, with its plans and specifications". Subsequently, he objects because the court below would not rule that the agreement of January 31, 1949, was in itself a bar to appellees' suit. Appellant also argues that the second agreement effected a novation. The essentials of a novation are the displacement and extinction of the former contract, the substitution of a new agreement, a sufficient consideration, and the consent of the parties: *Lamb v. Allegheny County Institution District*, 363 Pa. 66, 69 A. 2d 117. We agree with the court below that there was no novation and that the two agreements were to be considered in pari materia. The issues involved were properly submitted to the jury.

Judgment affirmed.