437 A.2d 963

**John E. ABEL, Jr. and Pauline W. Abel,**

**v.**

**James L. MILLER, and Beverly J. Miller, Appellants.**

Superior Court of Pennsylvania.

Argued March 30, 1981.

Filed Nov. 30, 1981.

Petition for Allowance of Appeal Denied Feb. 5, 1982.

William E. Haggerty, Lancaster, for appellants.

Kenneth C. Notturno, Lancaster, for appellees.

Before CERCONE, President Judge, and HESTER and JOHNSON, JJ.

CERCONE, President Judge:

This is an appeal from an order denying permission to amend an answer and new matter in order to assert a purported defense not previously pleaded. We affirm.

On June 8, 1979 the parties entered into an agreement for the sale of real estate in East Hempfield Township, Lancaster County. Pursuant to the written agreement the Millers,

8

the buyers, gave the Abels, the sellers, a non-interest bearing, non-negotiable note in the amount of six thousand dollars. The note was payable as part of the purchase price at the time of settlement, or as liquidated damages in the event of the Millers' default. Settlement was originally scheduled for August 1 but was twice postponed, first to August 31 and then to September 4. The Millers defaulted on the agreement on the latter date. On September 6, 1979 the Abels filed the instant action in assumpsit. The case was heard by a board of arbitrators on January 9, 1980 which found in favor of the Abels in the amount of six thousand dollars plus interest. From this award the Millers appealed to the court of common pleas. The Abels moved for summary judgment on February 21, 1980. Rather than respond to the Abels' motion the Millers filed a petition for leave to amend their answer and new matter. The petition represented that the Millers had retained new counsel after the initial answer and new matter were filed. It further claimed that the proposed answer and new matter asserted a defense to the original complaint the facts of which had not been made known to the Millers' first attorney. After appellees' answer and argument the court denied the Millers' petition.[1] The Millers took a timely appeal from this order.[2] The Abels filed with this Court a motion to quash the appeal as from an interlocutory order. The motion to quash was denied *per curiam* on February 11, 1981.

The defense the Millers hoped to assert in the would-be amended answer and new matter alleged fraud or negligent misrepresentation in the *inducement* to the contract. The Millers' proposed amended pleading would have alleged that preliminary to the execution of the land sale contract the

1. The order appealed from reads:
 AND NOW, September 23, 1980, Defendants' Petition to file an amended answer and new matter is denied.
 Defendants are granted ten (10) days from this date to file any opposing affidavits and their brief in opposition to Plaintiffs' Motion for Summary Judgment.

2. On December 3, 1980 the lower court apparently stayed all proceedings before it on the motion for summary judgment.

Abels represented that the Millers would be able to assume a promissory note which the Abels had given to their predecessors in interest in the property. The amended pleadings would then have alleged that the Millers entered into the agreement of sale relying on this representation, and that subsequent to the contract's execution the Abels informed the Millers that the note was not assumable. Finally, the amended pleading would have alleged that this misrepresentation about the possibility of the note's assumption was either fraudulently or negligently made. In short, the Millers hoped to assert a defense to the complaint which would have required testimony concerning events prior to the written agreement's execution, thereby raising questions pertaining to the so-called parol evidence rule. The asserted defense, if the court had permitted the amendment as requested, would have run directly counter to a provision in the written agreement which reads:

> This Agreement, and BUYER'S obligation to make settlement—
>
> (a) are NOT CONTINGENT upon BUYER'S obtaining financing of any kind or receiving settlement for any other real estate.

(Emphasis in the original). The court, in its opinion rejecting the Miller's petition, reasoned that because of this paragraph in the written agreement the parol evidence rule precluded the defense the Millers would have raised in the amended answer and new matter. The court further concluded that since as a matter of law the Millers' proposed amendment failed to assert a new defense to the complaint there was no reason to allow the amendment.

■ The parol evidence rule, although it apparently addresses evidentiary questions, is now nearly universally acknowledged to be a substantive rule of law. See *Rempel v. Nationwide Ins. Co.*, 227 Pa.Super. 87, 323 A.2d 193 (1974), aff'd 471 Pa. 404, 370 A.2d 366 (1977); 3 Corbin on Contracts § 573 (1961). Nevertheless, the switch from the older view to the newer one has not been without confusion. Indeed, even at this late date the legal thicket surrounding the rule

appears only slightly less tangled than before. This Court's recent opinion in *LeDonne v. Kessler*, 256 Pa.Super. 280, 389 A.2d 1123 (1978) aided significantly in clearing away much of the juridical underbrush. *LeDonne* was particularly helpful in distinguishing and in reconciling the apparently contradictory holdings of three previous cases, to wit: *Bardwell v. The Willis Company*, 375 Pa. 503, 100 A.2d 102 (1953); *Berger v. Pittsburgh Auto Equipment Co.*, 387 Pa. 61, 127 A.2d 334 (1956); and, *National Building Leasing Inc. v. Byler*, 252 Pa.Super. 370, 381 A.2d 963 (1977). At this juncture we need not reiterate all that was said in *LeDonne*, however, we quote with approval a passage from that opinion which we find particularly helpful here:

> This model harmonizes the results in *Bardwell*, *Berger* and *Byler*. In *Bardwell*, the integration clause explicitly denied the existence of the representation which the lessees later attempted to invoke. The lessees could not justifiably rely upon prior oral representations, yet sign a contract denying the existence of these exact representations. Thus, *Bardwell's* requirement that the lessees alleged fraud, accident or mistake in the execution of the contract made good sense under the circumstances of that case. In *Berger* and *Byler*, the contract clause did not deny the existence of any representation concerning the subsequently discovered latent defect. Thus, an allegation of fraud in the inducement of the contract rather than in its execution logically sufficed to render the parol evidence rule inapplicable.

*LeDonne v. Kessler*, 256 Pa.Super. at 294, fn. 10, 389 A.2d at 1130–31 fn. 10.

 As in *Bardwell*, the written agreement here at issue specifically contradicts the very representation the Millers would assert in their defense. The teaching of *LeDonne*, therefore, comes into play. In order for the Millers to escape the restrictions of the parol evidence rule it would not be enough for them, in the face of the written agreement's specific contradiction that the sale was not contingent upon financing, to plead fraud or negligent misrepre-

sentation in the *inducement*, they would have to plead fraud in the *execution* of the agreement. The amended pleading would have asserted fraud in the inducement of the contract, but the pleadings would in no way have addressed the question of why the Millers signed an agreement which specifically contradicted a purported earlier oral agreement.[3] Thus, because the amended pleading would not have asserted a valid defense it was not error to have refused the amendment.

Affirmed and remanded for proceedings not inconsistent with this opinion.

HESTER, J., concurs in the result.

---

**3.** The Millers argue now for the first time that the execution was fraudulent as well. They contend that they signed the agreement with knowledge of the offending clause but did not object to it based both on the prior inducement and their desire not to offend the Abels. We need not address the merits of this argument since it was waived by the Millers' failure to raise it below.