534 A.2d 115

**Frank McGUIRE**

v.

**SCHNEIDER, INC., Appellant.**

Superior Court of Pennsylvania.

Argued June 17, 1987.

Filed Nov. 23, 1987.

Petition for Allowance of Appeal Granted April 11, 1988.

346

Samuel Y. Stroh, Pittsburgh, for appellant.

Geoffrey P. Wozman, Pittsburgh, for appellee.

Before ROWLEY, JOHNSON and MONTGOMERY, JJ.

ROWLEY, Judge:

Appellant corporation, appellee's former employer, appeals from the trial court's order denying appellant's motion for post-trial relief. A judgment in the sum of $338,112.00 was entered in favor of appellee after a jury found appellant liable for breach of its employment contract with appellee. The parties' dispute centers on which of two documents should be held to have governed the employment relationship: a letter of June 20, 1979, written to appellee by Frank Schneider, appellant's chairman of the board, specifying appellee's compensation and term of employment and stating that "an employment agreement will be developed"; or a document signed by appellee on December 19, 1979, labeled "employment agreement" and containing an integration clause as well as provisions less favorable to appellee than those of the June letter.

On appeal appellant raises the following issues: 1) whether the trial court erred in denying appellant's motion in limine and objection to appellee's offer of proof, the effect of that denial being to allow the introduction of evidence concerning the June 20, 1979 letter and of appellee's job performance; 2) whether a directed verdict should have been granted in favor of appellant; 3) whether the trial court erred in allowing portions of the deposition of Peter Hannaway, president of Schneider Power Corporation, a subsidiary of appellant, to be read into evidence; 4) whether the trial court erred in refusing to submit to the jury

fourteen points for charge requested by appellant; 5) whether the trial court erred in its charge to the jury; and 6) whether the trial court erred in refusing to grant the remittitur requested by appellant. Because the trial court's instructions to the jury were based upon a fundamental error of law, we reverse and remand for a new trial.

The trial court gave the jury the following instructions regarding the two documents:

> Now, I have ruled and instruct you as a matter of law that this second writing of December 19, 1979 is of no effect, no legal effect, in this case because it is without consideration. The letter of June 20, 1979 contained all the essential elements for a binding contract of employment when Mr. McGuire reported for work. The employment agreement which was signed by him quite a few months later does nothing but detract from rights which he already had, and under which he was working. So, therefore, no consideration flowed to him from the second document. He had all of that and more, it merely lessened his rights. Consequently, there is a failure of consideration and you're not to consider the second document. The case gravitates and revolves around the contract which is described in the letter of June 20, 1979, as having been entered into orally between Mr. Schneider and the plaintiff, and details their agreement. It reaffirms it, and it, of course, became binding when the plaintiff reported for work.

The December contract, which the trial court held to be without legal effect, expresses the parties' agreement that that contract "supersedes any existing employment agreement ... and contains the entire understanding and agreement between the parties and may not be modified, supplemented or amended ... except by a subsequent written agreement...." Where the parties to an agreement adopt a writing as the final and complete expression of their agreement, as here, evidence of negotiations leading to the formation of the agreement is inadmissible to show an intent at variance with the language of the written agree-

ment. *In re Carter's Claim (Appeal of Edwin J. Schoettle Co.),* 390 Pa. 365, 372, 134 A.2d 908, 912 (1957). Alleged prior or contemporaneous oral representations or agreements concerning subjects that are specifically dealt with in the written contract are merged in or superseded by that contract. *Bardwell v. Willis Company,* 375 Pa. 503, 507, 100 A.2d 102, 104 (1953). The effect of an integration clause is to make the parol evidence rule particularly applicable. *National Cash Register Co. v. Modern Transfer Co., Inc.,* 224 Pa.Super. 138, 144, 302 A.2d 486, 489 (1973). Thus the written contract, if unambiguous,[1] must be held to express all of the negotiations, conversations, and agreements made prior to its execution, and neither oral testimony, *Scott v. Bryn Mawr Arms,* 454 Pa. 304, 307, 312 A.2d 592, 594 (1973); *Waldman v. Shoemaker,* 367 Pa. 587, 591, 80 A.2d 776, 778 (1951); *Hamilton Bank v. Rulnick,* 327 Pa.Super. 133, 136–37, 475 A.2d 134, 136 (1984); *Beckman v. Vassall–Dillworth Lincoln–Mercury, Inc.,* 321 Pa.Super. 428, 438, 468 A.2d 784, 789 (1983); *National Cash Register,* 224 Pa.Super. at 143, 302 A.2d at 488, nor prior written agreements, *National Cash Register,* 224 Pa.Super. at 144, 302 A.2d at 489; Restatement (Second) of Contracts § 213 comment a (1981), or other writings, 1A Corbin, *Contracts* § 251 (1963), are admissible to explain or vary the terms of the contract.

Whether a writing is an integrated agreement, and if so, whether the agreement is completely or partially integrated, are questions to be decided by the court prior to application of the parol evidence rule. Restatement (Second) of Contracts §§ 209(2), 210(3). We conclude that the writing signed by appellee on December 19, 1979 is a completely integrated agreement. It states that it contains the parties' "entire understanding and agreement"; its terms are not ambiguous; it covers every item mentioned in the June letter (compensation, bonus, fringe benefit program, and term of employment); and it conveys no suggestion that

---

1. Appellee does not contend that the terms of the December agreement are ambiguous.

anything beyond the four corners of the writing is necessary in order to ascertain the intent of the parties. *Cf. Neville v. Scott,* 182 Pa.Super. 448, 452, 127 A.2d 755, 757 (1957) (where contract to convey land refers to erection of a dwelling, reference must be had to prior contract in order to determine parties' intent as to kind and quality of dwelling); *Moyer v. Heilveil,* 159 Pa.Super. 610, 613, 49 A.2d 514, 515 (1946) (where written agreement was silent on term of employment, evidence of prior, separate oral agreement, not inconsistent with the writing, was admissible). Because the December writing is a completely integrated contract, evidence of the June agreement was improperly admitted.

▬▬ Appellee attempts to justify the introduction of parol evidence of the "true" (i.e., June) contract on two grounds. First, he contends that because the December agreement gave him nothing that he did not already have under the June agreement, the second agreement is a nullity owing to a failure of consideration. The trial court, agreeing with appellee, referred to a "failure" of consideration in the jury instruction quoted above but noted a "lack" of consideration in its opinion denying appellant's post-trial motions. A lack of consideration, if such existed, would not render the December agreement a nullity, for the parties expressed therein their intent to be legally bound. Under the Uniform Written Obligations Act, 33 P.S. § 6, that statement of intent removes lack of consideration as a ground for avoiding the contract. *Kay v. Kay,* 460 Pa. 680, 684, 334 A.2d 585, 587 (1975); *Thomas v. First National Bank of Scranton,* 376 Pa. 181, 185, 101 A.2d 910, 912 (1954). Failure of consideration, on the other hand, goes to the heart of any claim based on an agreement and is always available as a defense to that claim. *M.N.C. Corporation v. Mount Lebanon Medical Center,* 510 Pa. 490, 495, 509 A.2d 1256, 1259 (1986).

▬▬ The issue to be decided, then, is whether appellee has alleged a failure of consideration. Failure of consideration occurs when the consideration bargained for does not pass, in whole or in part, to the promisor. *Necho Coal Company v. Denise Coal Company,* 387 Pa. 567, 569, 128

A.2d 771, 772 (1957). Consideration fails, for example, when one party does not comply with a promise to leave permanent improvements intact, *M.N.C. Corporation v. Mount Lebanon Medical Center, supra,* when one party engages in business in violation of a promise not to do so, *Shields v. Hoffman,* 416 Pa. 48, 52, 204 A.2d 436, 438 (1964), and when a husband whose wife has died is unable to fulfill her obligation to file a joint tax return, *Wolfsohn v. Solms,* 396 Pa. 206, 208–9, 152 A.2d 237, 238 (1959).

In the case at bar appellee does not contend that appellant corporation refused to pay him the salary set by the December contract, refused to include him in the pension program as promised therein, or otherwise refused to convey what was promised him in that contract. He argues instead that what had been promised him in the second agreement had already been given him by the first. That argument is similar, at first glance, to the situation in *In re Levine's Estate,* 383 Pa. 354, 358–59, 118 A.2d 741, 742 (1955). In that case our Supreme Court held that where a husband promised to leave his wife one-half of his checking account and not to claim against her estate in return for her promise to relinquish any claim to his estate, there was a failure of consideration because, on the facts of the case, what he promised her was already hers and therefore not his to give. The crucial difference between that case and the case before us is that the former did not involve an integration clause. In fact, the Supreme Court in *Levine, id.,* quoted *Killeen's Estate,* 310 Pa. 182, 187, 165 A. 34, 35 (1932), to the effect that "failure of consideration does not contradict the terms of the instrument, but shows that the consideration contemplated was never received." Appellee herein does not argue that the consideration contemplated by the December contract was never received, but instead attempts to contradict the term of that agreement which states that the contract expresses the entire agreement of the parties. We conclude that appellee's claim of a failure of consideration is inapplicable to the present case.

Appellee's second argument for allowing the introduction of parol evidence is that he signed the December agreement

only after Frank Schneider, appellant's chairman of the board, misrepresented to him the significance of that agreement. Appellee contends that after taking the December agreement to an outside attorney and learning that it was "one-sided," he questioned counsel for appellant and was told that the agreement was a standard contract that could not be changed (Reproduced Record at 199a, 305a). Appellee then consulted Schneider, who allegedly reassured him by saying "I'm not going to fire you. I hired you to work with me" (Reproduced Record at 199a) and "this is our contract, I don't want to fire you, I want to work with you" (Reproduced Record at 305a). Although he admits having been told by the outside attorney that he would be bound by the December contract if he signed it (Reproduced Record at 309a), appellee nevertheless contends that Schneider misled him into believing that the June agreement would govern the employment relationship. Appellee argues that because he "alleged the lesser offenses of bad faith and failure of consideration[2] but presented sufficient evidence to meet the stricter requirements of fraud" (Brief for Appellant at 20), the trial court properly admitted parol evidence of the June agreement.

Appellee's argument is without merit. In *Bardwell v. Willis Company*, 375 Pa. 503, 507, 100 A.2d 102, 104 (1953), our Supreme Court held that only if a party to a contract averred that a promise had been *omitted from* the final, written contract because of fraud, accident, or mistake could parol evidence properly be admitted. After several subsequent decisions which suggested a less restrictive approach, e.g., *Berger v. Pittsburgh Auto Equipment Co.*, 387 Pa. 61, 64–65, 127 A.2d 334, 335 (1956); *Nadolny v. Scoratow*, 412 Pa. 488, 491, 195 A.2d 87, 89 (1963), the Supreme Court reasserted the *Bardwell* holding in *Nicolella v. Palmer*, 432 Pa. 502, 507–8, 248 A.2d 20, 22–23 (1968). This court has subsequently held that where the assertions put forth by one party are specifically contradicted by the

---

**2.** As noted above, the claim of failure of consideration is inapplicable in this case.

written agreement, *Bardwell* applies and parol evidence is admissible only to prove fraud in the execution, not the inducement, of the contract. *Abel v. Miller*, 293 Pa.Super. 6, 10, 437 A.2d 963, 965 (1982); *LeDonne v. Kessler*, 256 Pa.Super. 280, 294 & n. 10, 389 A.2d 1123, 1130 & n. 10 (1978). A party cannot justifiably rely upon prior oral representations, yet sign a contract denying the existence of those representations. *LeDonne v. Kessler*, 256 Pa.Super. at 294 n. 10, 389 A.2d at 1130 n. 10.

Appellee in the present case has done just that. After signing the December contract, which expressed the parties' agreement that their entire understanding was contained therein, he now alleges that appellant assured him that the December contract did not mean what it said. This is precisely the type of claim that the parol evidence rule was designed to bar. "If plaintiffs relied on any understanding, promises, representations or agreements made prior to the execution of the written contract ..., they should have protected themselves by incorporating in the written agreement the promises or representations upon which they now rely, and they should have omitted the provisions which they now desire to repudiate and nullify." *Bardwell v. Willis Company*, 375 Pa. at 508–9, 100 A.2d at 105. Appellee, having failed to so protect himself, is bound by the terms of the contract that he signed on December 19, 1979. That contract is the sole enforceable agreement between the parties. The trial court's failure to instruct the jury to that effect requires that we reverse the order of the trial court denying appellant's post-trial motions and remand for a new trial.

We are aware that appellant in its second issue has assigned as error the trial court's refusal to grant its request for a directed verdict. Appellant asks us, in effect, to grant judgment notwithstanding the verdict, arguing that the evidence at trial has shown that appellee's discharge was justified under the December agreement. We must decline appellant's invitation. Where, as here, the jury has been instructed to apply a standard of law which appears patently inapplicable to the facts in the record, the

judgment must be reversed and a new trial granted. *Lambert v. Pittsburgh Bridge and Iron Works*, 227 Pa.Super. 50, 56, 323 A.2d 107, 110 (1974), *aff'd*, 463 Pa. 237, 344 A.2d 810 (1975). However, on the record of this case we cannot say that at a new trial appellee will be unable to prove that his discharge was improper under the December agreement. We express no opinion as to whether appellee will be able to prevail, but he must be given the opportunity to do so.

Our decision in this regard renders consideration of appellant's remaining issues unnecessary.

Order reversed and case remanded. Jurisdiction relinquished.