**QUORUM HEALTH RESOURCES, INC., Plaintiff,**

v.

**CARBON–SCHUYLKILL COMMUNITY HOSPITAL, INC. t/a MINERS MEMORIAL MEDICAL CENTER, Defendant.**

No. CIV. A. 98–3018.

United States District Court, E.D. Pennsylvania.

May 4, 1999.

Albert Bates, Jr. IV, K. Mark Hall, Babst, Calland, Clements & Zomnir, Pittsburgh, PA, for Plaintiff.

Paul F. Laughlin, Allentown, PA, for Defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This is a breach of contract action brought by the plaintiff, Quorum Health Resources, Inc. ("Quorum") against the defendant, Carbon–Schuylkill Community Hospital, Inc. t/a Miners Memorial Medical Center ("MMMC"). Before the court is Quorum's Motion to Dismiss MMMC's negligence, breach of fiduciary obligation, fraud and breach of warranty counterclaims and requests for punitive damages for failure to state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6) of Civil Procedure. For the following reasons, the motion will be granted as to the negligence, fraud and breach of warranty counterclaims and will be denied as to the breach of fiduciary obligation counterclaim and the requests for punitive damages.

## BACKGROUND

On June 11, 1998 Quorum filed a complaint alleging that MMMC breached the Management Agreement ("Agreement") entered into by Quorum and MMMC on February 27, 1996. On September 11, 1998 MMMC answered the complaint and brought counterclaims for negligence, breach of fiduciary obligation, fraud, breach of warranty and breach of contract. The action is governed by Pennsylvania law in accordance with the express intention of the parties. *See* (Agreement ¶ 23(e)).

## DISCUSSION

### I. *Rule 12(b)(6) Standard*

A claim may be dismissed pursuant to Rule 12(b)(6) only if "no relief could be granted under any set of facts that could be proved consistent" with the allegations of the claim. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must accept all factual allegations as true and draw all reasonable inferences from such allegations in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir.1994); *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989). The court need not, however, credit bald assertions or legal conclusions. *See In re Burlington Coat Factory Securities Litigation,* 114 F.3d 1410, 1429–30 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.,* 90 F.3d 617, 628 (1st Cir.1996)). On a motion to dismiss, the court may review only the complaint, "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver,* 38 F.3d at 1384, n. 2; *accord Pension Benefit Guar. Corp. v.*

*White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993), *cert. denied*, 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994).

## II. The "Gist of the Action" Doctrine

] Quorum argues that the "gist of the action" doctrine precludes MMMC from bringing its counterclaims for negligence and breach of fiduciary obligation because they sound in contract instead of tort.[1] Several courts have determined that under Pennsylvania law tort claims allegedly committed in the course of carrying out a contractual agreement are dismissible if the "gist" of them sound in contract instead of tort. *See, e.g., Sunquest Information Systems, Inc. v. Dean Witter Reynolds, Inc.*, No. Civ. A. 98–188J, 1999 WL 167091 at *4 (W.D.Pa. March 24, 1999); *Factory Market, Inc. v. Schuller Int'l, Inc.*, 987 F.Supp. 387, 394 (E.D.Pa. 1997); *Wood & Locker, Inc. v. Doran & Assoc.*, 708 F.Supp. 684, 689 (W.D.Pa. 1989); *Redevelopment Auth. of Cambria County v. International Ins. Co.*, 454 Pa.Super. 374, 685 A.2d 581, 590 (1996) (en banc), *alloc. denied*, 548 Pa. 649, 695 A.2d 787 (1997); *Phico Ins. Co. v. Presbyterian Medical Serv. Corp.*, 444 Pa.Super. 221, 663 A.2d 753, 757 (1995). Such tort claims are "maintainable only if the contract is 'collateral' to conduct that is primarily tortious." *Sunquest*, 1999 WL 167091 at *4. Claims sound in contract if they arise from "the breach of duties imposed by mutual consensus." *Phico*, 663 A.2d at 757. By contrast, tort claims arise "from the breach of duties imposed as a matter of social policy." *Id.*

██] MMMC's negligence counterclaim sounds in contract. MMMC's attempt to characterize the claim as one alleging the breach of a fiduciary duty independent of the Agreement does not comport with the facts alleged in the claim. It states in pertinent part that: "Quorum, thru its officers, agents, servants, and employees was negligent and careless in the performance of its management duties...." (MMMC's Answer and Countercls. ¶ 30, at 12). The claim fails to allege any additional or different facts than those in the breach of contract counterclaim. The source of the "management" duties is the Agreement. Therefore, the Agreement was not collateral to the claim's allegations. MMMC's negligence counterclaim will be dismissed.

The "gist" of the breach of fiduciary obligation counterclaim, however, is unknown. Therefore, the court will decline to apply the "gist of the action" doctrine to dismiss this counterclaim.

## III. The Parol Evidence Rule

Quorum also moves to dismiss MMMC's counterclaims for fraud and breach of warranty pursuant to the parol evidence rule because they are based on pre-contractual representations and the Agreement has an integration clause.[2] Under Pennsylvania law, the parol evidence rule is stated as follows:

> Where the alleged prior or contemporaneous oral representations or agreements concern a subject which is specifically dealt with in the written contract, and the written contract covers or purports to cover the entire agreement of

1. Quorum alternatively moved to dismiss these counterclaims because Pennsylvania's economic loss doctrine prevents recovery in tort for economic losses flowing from a contractual entitlement. (Quorum's Mem. Supp. Mot. Dismiss at 4 n. 4). In general, the economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995). The court declines to apply this doctrine at this time because the negligence counterclaim will be dismissed pursuant to the "gist of the action" doctrine and it is unknown whether the breach of fiduciary obligation counterclaim sounds in contract or tort.

2. The Agreement's integration clause states that "[t]his Agreement constitutes the entire agreement of the parties hereto and supersedes all prior agreements and representations with respect to the subject matter hereof." (Agreement ¶ 23(g), at 17).

the parties, the law is now clearly and well settled that in the absence of fraud, accident or mistake the alleged oral representations or agreements are merged in or superseded by the subsequent written contract.

*Bardwell v. Willis Co.*, 375 Pa. 503, 100 A.2d 102, 104 (1953).

▓ Before applying the rule, courts must determine whether there is an integrated agreement and if so, whether it is completely or partially integrated. *See McGuire v. Schneider, Inc.*, 368 Pa.Super. 344, 534 A.2d 115, 117–18 (1987); *see* Restatement (Second) of Contracts § 209(2) (1981). In addition, the court must determine whether the asserted prior agreements are within the scope of the integrated agreement. *See* Restatement (Second) of Contracts § 213 comment c (1981).

MMMC does not dispute that its fraud and breach of warranty counterclaims are based on pre-contractual representations of fraudulent inducement.[3] MMMC contends that the parol evidence rule does not apply because: (1) MMMC should be allowed to conduct discovery to determine whether the Agreement is completely integrated and (2) Quorum has not shown that the integration clause specifically addresses the pre-contractual representations in the allegations of the breach of warranty and fraud counterclaims.[4]

▓ MMMC's first contention fails because the Agreement clearly is a complete integration. First, the Agreement has an integration clause that states the written agreement sets forth in full the terms of the parties undertaking, and, thus, contains true integration language. *See Greenberg v. Tomlin*, 816 F.Supp. 1039, 1053 (E.D.Pa.1993). Second, MMMC is a sophisticated party that negotiated for some time with Quorum. Third, the Agreement is signed by several parties with the final clause being the integration clause. Fourth, the terms of the integration clause are unambiguous. Fifth, the integration clause conveys no suggestion that anything beyond the four corners of the writing is necessary to ascertain the intent of the parties.

MMMC's second contention fails because the allegations of the fraud and breach of warranty counterclaims are specifically addressed in the Agreement. The allegations relate to Quorum's alleged obligations to provide management services to MMMC. The Agreement specifically addresses the provision of such management services.

Both the fraud and breach of warranty counterclaims are based on allegations of fraudulent inducement that require the introduction of pre-contractual representations. Therefore, the parol evidence rule applies to bar them. Both claims will be dismissed.

## IV. Punitive Damages

▓ Finally, Quorum argues for the dismissal of MMMC's requests for punitive damages. Under Pennsylvania law, punitive damages are not recoverable in an action solely based on breach of contract.

---

**3.** MMMC's counterclaim for fraud states in pertinent part that during the course of negotiations on or before February 27, 1996 Quorum falsely and fraudulently represented to MMMC. (MMMC's Answer and Countercls. ¶¶ 21–22). MMMC's counterclaim for breach of warranty provides in pertinent part that "[i]n inducing MMMC to enter into the Management Agreement the Plaintiff, Quorum represented and warranted...." (MMMC's Answer and Countercls. ¶ 37).

**4.** MMMC also argues that the court cannot apply the parol evidence rule here because it would be a premature application of a rule of evidence. This argument fails because the parol evidence rule is not merely a rule of evidence, but a rule of substantive law, *see* Restatement (Second) of Contracts § 213 comment a (1981), and has been applied to dismiss claims pursuant to Federal Rule 12(b)(6) of Civil Procedure. *See, e.g., Sunquest*, 1999 WL 167091 at *6–8 (dismissing fraud and negligent misrepresentation claims); *Horizon*, 1998 WL 88391 at *3–4 (dismissing breach of warranty claim).

*See Johnson v. Hyundai Motor America,* 698 A.2d 631, 639 (Pa.Super.1997); *eds Adjusters, Inc. v. Computer Sciences Corp.,* 818 F.Supp. 120, 122 (E.D.Pa.1993). Here the action is not solely based on breach of contract. Therefore, Quorum's motion to dismiss the requests for punitive damages will be denied.