[J-40-2015] [MO: Todd, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| DAVID M. SOCKO, | No. 142 MAP 2014 |
| Appellee | Appeal from the Order of the Superior Court at No. 1223 MDA 2013, dated May 13, 2014, reconsideration denied July 8, 2014, Affirming the Order of the Court of Common Pleas of York County dated October 15, 2012 at No. 2012-SU-001608-44 |
| v. | |
| MID-ATLANTIC SYSTEMS OF CPA, INC., | |
| Appellant | ARGUED: May 6, 2015 |

**DISSENTING OPINION**

**MR. JUSTICE EAKIN**                    **DECIDED: November 18, 2015**

The Majority concludes the Uniform Written Obligations Act (UWOA) serves as a substitute for consideration, but finds the UWOA inapplicable to an employment agreement containing a restrictive covenant not to compete. Because I disagree with both points, I respectfully dissent.

The Majority likens the UWOA's "legally bound" language to a seal, which imports consideration into an agreement. See Majority Slip Op., at 17-18. However, contracts under seal have their origin in the common law, which evolves through case law. See Flagiello v. Pa. Hosp., 208 A.2d 193, 206 (Pa. 1965) (stating when rule offends against reason, courts not only possess inherent authority to repudiate rule, but are required to do so). In contrast, the "legally bound" language is a creature of statute, which may not be rewritten by the courts. See 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). The UWOA's plain language states a written

promise "shall not be invalid or unenforceable for lack of consideration" if the document contains an expression of the signer's intent to be legally bound. 33 P.S. § 6. In other words, a written promise lacking consideration is valid and enforceable if the signer includes the requisite language; the Act does not say "a written promise shall be deemed to be supported by consideration" if the requisite language is there. See McGuire v. Schneider, Inc., 534 A.2d 115, 118 (Pa. Super. 1987) (holding under UWOA, statement of intent to be legally bound removes lack of consideration as ground for avoiding contract). Furthermore, the UWOA contains no language exempting certain types of agreements from it, such as employment agreements containing covenants not to compete. Accordingly, as the UWOA's language is clear and unambiguous, it is thus applicable to the agreement Socko signed.

I would hold the UWOA does not disturb the long-standing requirement for valuable consideration when an employee enters into an employment agreement containing a non-competition provision after the commencement of employment,[1] see Pulse Technologies, Inc. v. Notaro, 67 A.3d 778, 781-82 (Pa. 2013); rather, the Act

---

[1] Tangentially, I question the notion that continued employment is not valuable consideration. See George W. Kistler, Inc. v. O'Brien, 347 A.2d 311, 316 (Pa. 1975) (plurality) ("[W]e have stated that continuation of the employment relationship at the time the written contract was signed was not sufficient consideration for the covenant despite the fact that the employment relationship was terminable at the will of either party.") (citing Maint. Specialties, Inc. v. Gottus, 314 A.2d 279, 282-83 (Pa. 1974) (Jones, C.J., concurring)). It seems, in an "at-will employment" jurisdiction, the assurance of not losing one's job provides the proverbial "peppercorn" of consideration required for a valid contract. See Chappell & Co., Ltd. v. Nestle Co., Ltd., [1960] AC 87 ("A peppercorn does not cease to be good consideration if it is established that the promisee does not like pepper and will throw away the corn.").

simply prevents a signer who expresses the intent to be legally bound from later challenging the agreement for lack of consideration; the signer forfeits his right to this remedy. Accordingly, I would hold Socko, by signing the agreement containing the restrictive covenant and the express provision that he intended to be legally bound, forfeited his right to later challenge the agreement on the basis of lack of consideration, based on the UWOA's clear language. Whether or not Socko's continued employment was valuable consideration, he was precluded from arguing there was no consideration. Therefore, I dissent.