J-S23004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANTHONY CRESPO  AND EDWARD TORRALVO | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| WILLIAM B. HUGHES, M.D., AND HUGHES & HENSELL ASSOCIATES, P.C., | : : : : : : | No. 2184 EDA 2020 |
| APPEAL OF: WILLIAM B. HUGHES, M.D. | : : | |

Appeal from the Order Entered October 1, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 120703490

BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS, J.*

MEMORANDUM BY LAZARUS, J.:           **FILED DECEMBER 10, 2021**

William B. Hughes, M.D., appeals from the order, entered in the Court of Common Pleas of Philadelphia, granting Arch Insurance Company's (Arch) application to enforce judgment against Hughes in the limited liability company Hughes Holdings, LLC (HH).  Upon review, we affirm.

The trial court summarized the factual and procedural history of this case as follows:

> [Hughes] is a medical doctor and burn specialist.  [He] is a partner at Hughes & Hensell Associates, P[.]C[.], a medical practice operating [in Philadelphia].   Edward Torralvo [] is an adult individual who resides [in Philadelphia].  Arch is a Missouri based corporation with local offices [in Philadelphia].   The underlying

_____

* Retired Senior Judge assigned to the Superior Court.

action is shrouded in medical malpractice against [Hughes], involving permanent hand injuries suffered by Torralvo and Anthony Crespo [].

In 2011, Torralvo and Crespo were exposed to diluted hydrofluoric acid while cleaning a property owned by Torralvo. Crespo and Torralvo presented to the Temple University Emergency Room [] where [Hughes], the attending burn specialist, formulated a treatment plan which included injections of lidocaine and calcium gluconate directly into the patients' effected digits. Subsequently, Torralvo's index finger became necrotic and Crespo's left index and middle fingers were eventually amputated.

On January 29, 2016, Crespo and Torralvo proceeded to trial against [Hughes], [HH], and [Temple]. In this action, [Hughes]'s defense was indemnified by Healthcare Providers Insurance Exchange (HPIX). On February 12, 2016, a duly impaneled jury found [Hughes] guilty of medical malpractice and returned a verdict in favor of Crespo, in the gross amount of $4,526,000.00, and in favor of Torralvo, in the gross amount of $538,422.00, with liability apportioned 100% to the Defendants.

On July 12, 2016, [Hughes] appealed the jury verdicts to the Superior Court of Pennsylvania[.] . . . HPIX contracted with Arch to enter a supersedeas bond on the appeal[.] On May 7, 2018, the Superior Court affirmed the [judgment with respect to Torralvo. **Crespo v. Hughes**, 167 A.3d 168 (Pa. Super. 2017)]. Subsequently, HPIX declared bankruptcy.

On August 27, 2018, Torralvo signed an Assignment of Judgment to the use of Arch[,] assigning his interest in the February 12, 2016, Judgment [(Torralvo Judgment) and expressing his intent to be legally bound]. On November 8, 2019, Arch filed a Motion to Enforce the Judgment against [Hughes]. In [Arch]'s Motion to Enforce, [] Arch sought to attach the assets of [HH], of which [Hughes] is the sole owner, for purposes of executing upon the 2016 Judgment.

On December 2, 2019, [Hughes] opposed the Arch Motion to Enforce on the grounds that the 2018 Torralvo Assignment was invalid. [Hughes subsequently served a notice of intent to serve subpoena upon the law firm of Torralvo's counsel of record, seeking information pertaining to the Assignment, which Arch opposed; after full briefing, the trial court sustained Arch's objections to the subpoena.] On September 29, 2020, oral argument was held on the Arch Motion to Enforce before the trial

- 2 -

court. On October 1, 2020, the trial court docketed an order granting the Arch Motion to Enforce, and charging 100% of the unsatisfied Torralvo Judgment debt to [HH], in favor of [] Arch. On October 23, 2020, [Hughes] timely filed a notice of appeal[, docketed at] 2184 EDA 2020. On November 2, 2020, the trial court docketed a [Pa.R.A.P.] 1925(b) Order seeking [Doctor Hughes]'s Statement of Matters Complained Of [on Appeal] within twenty-one [] days. On November 13, 2020, [Doctor Hughes] timely filed the required 1925(b) Statement.

Trial Court Opinion, 2/23/21, at 1-3.

On appeal, Doctor Hughes raises the following issues for our review:

1. [Whether the trial court] committed an abuse of discretion and an error of law by virtue of the September 29, 2020 order because Arch is not a proper party in interest nor does Arch have any standing or right (legal or otherwise) to enforce the judgment because the judgment was paid in full by Arch pursuant to the terms of the bond and as a result the assignment of the satisfied judgment to Arch[] prevents any recovery from Hughes[,] and because the assignment of the judgment was made without consideration[?]

2. [Whether the trial court] committed an abuse of discretion and an error of law by virtue of the September 29, 2020 order because Arch is prohibited from any recovery from Hughes due to lack of privity with Hughes because, in this case, the cost of Hughes' defense was paid and the damages assessed by the jury were indemnified by HPIX, which filed the appeal[] and secured the bond from Arch[] on behalf of Hughes[, and because] Hughes was never a direct party to the bond arrangements between HPIX and Arch[ and] Hughes never signed any document related to the bond which Arch posted at the request of HPIX to enable the appeal to proceed[?]

3. [Whether the trial court] committed an error of law and an abuse of discretion pursuant to the July 7, 2020 order when it failed to undertake a full inquiry into the facts concerning the assignment of judgment Arch obtained from Torralvo after the judgment was paid in full by Arch as required by the bond[?]

Brief of Appellant, at 9-10.

We are mindful that, "[g]enerally, on review of an order concerning discovery, an appellate court applies an abuse of discretion standard." ***Linde v. Linde***, 222 A.3d 776, 786 (Pa. Super. 2019). When reviewing questions of law, however, our standard of review is *de novo* and the scope of review is plenary. ***Bastian v. Sullivan***, 117 A.3d 338, 342-43 (Pa. Super. 2015).

Instantly, Hughes argues that the trial court abused its discretion by granting Arch's motion to enforce the Torralvo Judgment against HH because (1) the Torralvo Assignment was made without valid consideration, (2) the judgment was satisfied upon Arch's payment of the supersedeas bond, and (3) no privity exists between Hughes and Arch. Hughes further argues that the trial court abused its discretion in sustaining Arch's objections to his post-judgment subpoena upon Torralvo's counsel of record. These claims are without merit.

First, Dr. Hughes argues that the Torralvo Assignment is invalid, rendering enforcement thereof an error of law, because it lacks consideration. ***See*** Brief of Appellant, at 26-37. We disagree. It is well-settled that "a writing . . . shall not be invalid or unenforceable for lack of consideration[] if the writing [] contains an [] express statement in any form or language[] that the signer intends to be legally bound." 33 P.S. 6. This Court has long recognized that, under the Uniform Written Obligations Act (UWOA), 33 P.S. § 6, such a statement of intent "removes lack of consideration as a ground for avoiding

the contract." ***McGuire v. Schneider***, 534 A.2d 115, 118 (Pa. Super. 1987);[1]

***See also Socko v. Mid-Atlantic Systems of CPA, Inc.***, 126 A.3d 1266,

1277 (Pa. 2015) (concluding, in light of clear and unambiguous language of

UWOA, and consistent with our prior caselaw, contract containing written

express statement of intent to be "legally bound" supplies necessary

consideration to support its enforceability). Here, the Assignment signed by

Torralvo indicates that he "intend[ed] to be legally bound." Torralvo

Assignment, 8/27/18. Therefore, we reject Hughes' contention that the

Torralvo Assignment is invalid or unenforceable for lack of consideration.

***McGuire***, ***supra***; ***Socko***, ***supra***.

In the same vein, we reject Hughes' argument that, by virtue of the

supersedeas bond, Arch simultaneously satisfied and extinguished the

Torralvo Judgment, leaving nothing for Arch to collect. ***See*** Brief of Appellant,

at 28-34. Specifically, Hughes argues that:

---

[1] Hughes asserts, to the contrary, that "failure of consideration . . . goes to the heart of any claim based on an agreement and is always available as a defense[.]" Brief of Appellant, at 27 (quoting ***McGuire***, ***supra*** at 118). His reliance on ***McGuire*** is misplaced. Principally, failure of consideration refers to a situation "where a contract contemplates the exchange of consideration, but a party fails to provide it." ***See Nicholas v. Hofmann***, 158 A.3d 675, 698 n.20 (Pa. Super. 2017). Meanwhile, Hughes argues in his appellate brief that that the Torralvo Assignment had no consideration whatsoever. ***See*** Brief of Appellant, at 23, 28, 31, 34, 37 (arguing consideration was invalid or nonexistent). Moreover, in addition to finding appellant's claim of failure of consideration "inapplicable" in ***McGuire***, this Court noted in that, even if a lack of consideration existed, it would not render the agreement a nullity because the parties expressed, therein, their intent to be legally bound. ***McGuire***, ***supra*** at 118.

> Torralvo received, and Arch tendered, **no** valuable consideration for the purported assignment of the Judgment as Arch was already obligated to pay Torralvo under the imposition of the Bond. . . . [T]he transaction . . . was clearly payment on the Judgment to Torralvo, which Arch was required to do anyway, and not legal consideration. As such, any agreement and/or contract made by and between Arch and Torralvo resulted in a satisfaction and/or discharge of the Judgment by operation of law.

*Id.* at 34 (emphasis added). This Court has recognized that, "[*p*]*rima facie*, payment by a third party of a debtor's obligation is not a discharge of the debt but a purchase of it." *Ertel v. McCloskey*, 74 A.2d 652, 654 (Pa. Super. 1950). In determining whether such a payment constitutes the discharge or purchase of the debt, "[t]he intentions of the parties govern." *Id.* Here, the language of the Assignment expressly "grant[s]," "sell[s]," "convey[s]," "transfer[s]," and "assign[s]" the Torralvo Judgment to Arch—including "all of the benefits and advantages" thereof with the "full power to enforce and recover the judgment." Torralvo Assignment, 8/27/18. Because the Torralvo Assignment does not reflect the parties' intent to satisfy the Torralvo Judgment, it does not operate to do so. *Ertel*, *supra* at 652.

Next, Hughes argues that the trial court erred in granting Arch's motion to enforce because Arch is prohibited from any recovery from Hughes due to lack of privity with him. *See* Brief of Appellant, at 38-44. Our Supreme Court has explained, however, that "ultimately, an assignee stands in the shoes of the assignor. Privity is not an issue in cases involving assignment claims; an assignee does not pursue a cause of action in its own right." *Crawford Cent. School Dist. v. Commonwealth*, 888 A.2d 616, 620 (Pa. 2005). Hughes

cites no authority to the contrary. *See* Brief of Appellant, at 38-43. Therefore, we find this claim meritless.

Lastly, Hughes argues that the trial court abused its discretion by sustaining Arch's objections to Hughes' notice of intent to subpoena Torralvo's counsel. No relief is due.

Hughes submits that he "was, and is, entitled to the benefit of the information from either Arch or Torralvo regarding the transaction [under]lying the [] Assignment"—specifically, "[w]hat th[e] bargained for exchange was." *See id.* at 46-49. We disagree. Rule 3117 of the Pennsylvania Rules of Civil Procedure authorizes a plaintiff, at any time after judgment, to take the testimony of any person "for the purpose of discovery of assets of the defendant[.]" Pa.R.C.P. § 3117. Hughes cites to no authority for the proposition that he, as defendant/judgment-debtor, is entitled to any post-judgment discovery in this case. Moreover, Hughes asserts that the subpoena, if allowed, "would have provided additional evidence that . . . demonstrated the lack of sufficiency of the consideration exchanged for the Assignment." *Id.* at 50. Having concluded that the Torralvo Assignment was supported by consideration where Torralvo expressed an intent to be legally bound, we find that this "evidence" is irrelevant as a matter of law. *McGuire*, *supra*. Therefore, the trial court did not abuse its discretion in sustaining Arch's objections to Hughes' post-judgment subpoena of Torralvo's counsel.

Order affirmed.[2]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2021

---

[2] We disagree with Hughes that Arch alone is liable for the judgment proceeds where Hughes was found guilty of medical malpractice against Torralvo and Arch was not involved in this matter until it entered a supersedeas bond on behalf of Hughes' malpractice insurer, HPIX. HPIX should have informed Hughes prior to its bankruptcy that Hughes was not effectively covered under its policy in the event he was found guilty of malpractice. Its failure to do so results in Hughes being treated as not having insurance—i.e., liable for the costs of his malpractice.